## WHITMORE v. SMITH et al.

No. 12281—Opinion Filed Dec. 4, 1923.

1. **Wills—Life Estate—Vested Interest of Remaindermen—Power to Convey.**

Where a will provides that certain property of the testator shall be rented by the executors during the life of the wife of the testator, and the revenues derived therefrom be equally divided among the children and wife named as legatees, and that after the death of the said wife said property be sold for cash and divided equally among the children, held, that the legal title to the property became vested in the children named as legatees in the will, subject to the interest for life of the widow, at the death of the testator, and is such an interest as may be conveyed or devised by the legatees prior to the death of the widow.

2. **Same.**

The remaindermen take a vested interest at the death of the testator, under a will giving the wife an interest in property for life, postponing the sale and distribution of the proceeds of same among the legatees until the death of the wife, when the devise to the legatees is certain and definite as to the interest derived.

3. **Same—Status of Vendees During Life Estate.**

The sale by legatees of their interest under a will devising same, subject to a life interest of the wife of the testator, after the will has been duly probated without objection on the part of the legatees, is valid, and does not constitute a contest, attempt to break, or avoidance of the will, and the purchasers of such interest become cotenants with the legatee retaining her interest and hold same subject to the terms and conditions of the will.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Carter County; G. M. Barrett, Judge.

Action by C. R. Smith and Earl Q. Gray against Lena O. Whitmore. From the

judgment, Lena O. Whitmore appeals. Reversed in part and affirmed in part.

Ledbetter, Furman & Ledbetter, for plaintiff in error.

Potterf & Gray and Stuart, Sharp & Cruce, for defendants in error.

Opinion by JONES, C. This suit was instituted in the district court of Carter county, Okla., May 19, 1920, by the plaintiffs C. R. Smith and Earl Q. Gray, defendants in error, paintiffs in the lower court, against Lena O. Whitmore, plaintiff in error, defendant in the lower court, alleging that they were the owners of seven-eights interest in the life estate and six-sevenths interest in the remainder of certain real estate situated in the city of Ardmore, Carter county, Okla., and that the defendant, plaintiff in error, is the owner of the remaining interest in such property. That the interest of the parties hereto is based upon the will of Clay McCoy, deceased, and that plaintiffs derived their title to said property by purchase from the heirs of Clay McCoy, and that the defendant, Lena O. Whitmore, acquired her interest by reason of being one of the legatees named in said will.

The controversy between the parties hereto is governed and must be determined by the provisions of the will, and for that reason we here set forth the will in full:

"I, Clay McCoy, of Ardmore, Carter county, state of Oklahoma, being now in good health and strength of body and mind, but sensible of the uncertainties of life and desiring to make disposition of my property and affairs while in health and strength, do hereby make and publish and declare the following to be my last will and testament, hereby revoking and cancelling all other or former wills by me at any time made.

"First. I direct the payment of all my just debts out of any moneys on hand at my death, or the first moneys received by my executors.

"Second. I give and devise to my beloved wife, Sallie G. McCoy, the following property, to wit: Lots 4 and 5 in block ninety-nine in the city of Ardmore, Carter county, Oklahoma, together with all improvements thereon, same being our home, and all kitchen and house hold furniture and everything belonging to said home to keep during her lifetime, and at her death to be sold and divided equally among the other legatees herein named, my said wife, Sallie G. McCoy, to pay for all repairs and the taxes and insurance on said property during her lifetime.

"Third. I hereby give to my son, Henry C. McCoy, my gold watch; to my son, John McCoy, my shotgun; and to my son, Devotie McCoy, my walking cane, to be their absolute property.

"Fourth. I hereby direct that all my other property, either personal, real or mixed, and whereever situated, except the Palace Barber Shop on lot 4, and block 381, and garage on lot 6, block 378, in the town of Ardmore, Carter county, Oklahoma, be sold and converted into cash within two years after my death and all cash derived from my said estate be divided equally, share and share alike, among the following persons: Ella M. Bilbe, Lena O. Fielder, Henry C. McCoy, John H. McCoy, Bessie McCoy, Bertie Row and Devotie McCoy, being all my children and my wife, Sallie G. McCoy.

"Fifth. I further direct that the Palace Barber Shop, located on lot 4, block 381, and the garage, located on lot 6, block 378, in Ardmore, Oklahoma, be rented by my executors during the life of my wife, Sallie G. McCoy, and the rents therefrom deposited in bank as collected and be divided semi-annually on the first day of January and the first day of July of each year, equally among all my children and wife herein named as legatees, and that after the death of my said wife, Sallie G. McCoy, that said barber shop and garage be sold within one year for cash and divided equally among my children herein named.

"Sixth. I hereby direct that should any of my children herein named as legatees die before receiving their share of my estate as provided herein, leaving children surviving them, my grandchildren, that such children receive and take the share of my said child.

"Seventh. I hereby appoint and designate my wife, Sallie G. McCoy, and my son, Henry C. McCoy, executors of this will without bond, and hereby appoint J. C. Thompson of Ardmore, Oklahoma, as my attorney to assist my executors in the probate of this will and advise and assist them in carrying out the provisions of this will.

"Eighth. I hereby direct that if any of the legatees herein mentioned contest this will and try to break or avoid it, they are for that reason to cease to be a beneficiary of my estate.

"Ninth. I further direct that no proceedings be had in the courts with reference to my property, other than the probate of this will by the probate court. I desire that said property be managed and disposed of according to the best judgment and discretion of my executors herein named without supervision of the court.

"Eleventh. I further direct that in the event of the death of either of the executors herein named before the carrying out of the provisions of this will, that the other executor living exercise all the powers conferred by this will, and, in the event

of death of both of said executors before the fulfillment of the provisions of this will, I hereby authorize the legatees mentioned herein then living to select an executor to carry the same into effect, and I hereby authorize and empower my executors or executor herein appointed, or their successor, to execute proper conveyances to the purchaser of any and all property belonging to my said estate, and they are to have full power to make conveyance of full and perfect title to the purchasers of any such property.

"Twelfth. To the legatees herein mentioned I give and bequeath to them the upright life and conduct of their father to go by and remember while they live.

"In witness whereof I, Clay McCoy, have to this my last will and testament, consisting of three sheets of paper, subscribed my name, this the 3rd day of January, 1914.

"Clay McCoy."

The case was submitted to the court without the intervention of a jury, and judgment rendered canceling the said conveyances of record from the heirs and devisees of said Clay McCoy, deceased, to plaintiffs below, and held that the will created an active trust and the executors named therein as such were in truth and in fact under the law trustees for the carrying out of the terms and provisions of the will, and that for this fact the conveyances from the heirs and devisees to the plaintiffs below were void, that the act of the devisees and heirs in executing said deeds was not an attempt upon their part to contest the will, or break the will, or avoid it under the eighth paragraph therein. From which judgment, both plaintiffs and defendant excepted and filed motions for a new trial. Thereafter the court overruled said motions, and the case comes here on assignment of error of plaintiff in error, defendant below, and the following assignments of error are alleged:

"First. The trial court erred in overruling the motion for new trial of this plaintiff in error.

"Second. The said judgment as rendered in failing to find that this plaintiff in error was the sole beneficiary under the will of Clay McCoy, deceased, is contrary to the law and is not sustained by the evidence.

"Third. That said judgment is contrary to the law.

"Fourth. That said judgment is contrary to the evidence."

And plaintiff in error in her brief presents her contention in two propositions:

"First. The acts of the heirs and devisees of said Clay McCoy, deceased, except the plaintiff in error here, in executing warranty deeds, attempting to convey their interest in the estate was an avoidance of the will under paragraphs five and eight of the will.

"Second. That the acts of the heirs and devisees of the said Clay McCoy, deceased, except the plaintiff in error here, in executing warranty deeds to the defendants in error here was a contest of the will."

And therefore contends that the court was in error in failing to find that this plaintiff in error was the sole beneficiary under the will of Clay McCoy, deceased, and that said judgment was contrary to law and not sustained by the evidence. The contention of plaintiff in error is based on two paragraphs of the will, the fifth and eighth, and for convenience we requote them. The fifth reads as follows:

"I further direct that the Palace Barber Shop located on lot 4, block 381, and the garage located on lot 4, block 378, in Ardmore, Oklahoma, be rented by my executors, during the life of my wife, Sallie G. McCoy, and the rents therefrom deposited in bank as collected and be divided semiannually on the first of January and the first of July of each year equally among all my children and wife herein named as legatees and that after the death of my said wife, Sallie G. McCoy, that said Barber Shop and Garage be sold within one year for cash and divided equally among my children herein named."

And the eighth is as follows:

"I hereby direct that if any of the legatees herein mentioned contest this will and try to break or avoid it they are for that reason to cease to be a beneficiary of my estate."

Plaintiff in error contends that the acts and conduct of the beneficiaries under the will in conveying by warranty deed their interest under same constitute a contest and avoidance of the will, and that under paragraph eight of the will, plaintiff in error is entitled to enter suit for the property bequeathed by the will for the reason that the other beneficiaries or devisees have forfeited their rights and interest in and to said estate under the provision of the eighth paragraph of said will.

Plaintiff in error cites many authorities in support of the validity of the provisions referred to, but we deem it unnecessary to cite the authorities or discuss that question, as it is not seriously contended that such a provision in the will is not valid. In fact, the great weight of authorities uphold such provisions. Sections 11264, Comp. Stat. 1921, is cited, which is as follows:

"A will is to be construed according to the intention of the testator. Where his intention cannot have effect to its full extent, it must have effect as far as possible."

And there is no question as to this being the law of this state, but the real question with which the court is now concerned is whether or not the acts and conduct of the beneficiaries in conveying their interest under the will is a contest or avoidance of the will. And the authorities cited by plaintiff in error and offered as a chart for our guidance in this case fail to render much assistance for the reason that none of the cases cited bear directly on this question. The case In re Estate of Hite, 17 A. & E. Ann. Cas., at page 993, from California, being one of the leading cases relied upon, like all the others that we have examined, deals with a different state of facts and conditions from those which control in this case. There is no question that a will containing a provision such as the one with which we are now concerned, if contested or avoided by the beneficiaries, they would thereby forfeit their right under the will. In this case the beneficiaries in our judgment clearly have not contested the will, nor do we find that they have avoided it, in fact, they are all claiming under the will, and accepted the terms and conditions of same. The will was probated without a contest and adjudicated to be the last will and testament of the testator without objection on the part of any of the legatees, who are now charged with attempting to break and avoid the same, and who have conveyed by warranty deeds their interest in the estate by reason of the will, and their acts and conduct have in no wise attacked, affected, or impaired in any way the interest of plaintiff in error; a devisee under the will who is now complaining of their conduct, she has been left undisturbed in her rights, and under these circumstances and conditions, we think it inconsistent to charge that they seek to contest or avoid the will. As an illustration of our view, suppose that the beneficiaries under this will, or one or more of them, had seen fit to have conveyed their interest to some charitable institution or to have given same to their step-mother, Mrs. McCoy, who was one of the beneficiaries under the will, could we say that was such an act as would constitute a contest or breach of the provision relied upon in the will or that they were contesting or attempting to avoid the will? We think not. It is true their conduct is a variation or departure to some extent from the express provisions of the fifth paragraph of the will, but in our judg-

ment it is in no wise a contest or avoidance of the terms of the will; in fact, from the language of the provisions, the testator was directing his executors as to the manner in which the property should be handled. And the most that could be said of their conduct is that it was a departure from the direction given, and not a contest or attempt to break, avoid, or change in any wise the substantial and material benefits to be derived under the will by each individual beneficiary.

We think, under the authorities, that the devisees were vested with such an interest as was alienable. 40 Cyc. 2109:

"A devisee, whose interest is not a mere expectancy, or naked possibility, but who takes an estate in the property devised, may alienate it before it vests in possession, in the absence of a provision in the will to the contrary."

2 Ency. of Law, page 1031:

"A court of equity will uphold assignments of interest under a will, of contingent bequests and legacies to take effect upon the happening of some future event, as the beneficiaries coming of age, or the death of some other person."

5 Corpus Juris, page 854:

"Rule in Equity: In equity, by the great weight of authority, there can be a valid assignment of funds or property to be subsequently acquired, and of contingent and expectant interests. Thus a court of equity will uphold assignments of interest under a will, as of contingent bequests and legacies, to take effect on the happening of some future event, as the coming of age of the beneficiaries or the death of some other person."

Gardner on Wills, page 625, sec. 185:

"So a devisee, whose interest is not a mere expectancy, but who takes an estate in the property devised, may alienate it before it vests in possession, in the absence of a provision in the will to the contrary. A provision that none of the real estate shall be sold until the youngest beneficiary become of lawful age does not prohibit a devisee from selling his undivided interest at any time, the purchaser becoming a tenant in common with other devisees."

In the case of Young v. Kinkead's Administrators, 101 Ky. 252, the court said:

"A testator provided in his will that after the payment of his debts his estate should be held by his executors for a term of fifteen years, and provided how the income derived therefrom during that time should be disposed of, he further provided that, after the expiration of said fifteen years my estate is to be divided among my afore-

said five children, their heirs, assigns, etc., according to the statute of descent. Under that provision the testator's five children were vested with the fee in the estate subject to the uses to which the income was to be devoted during the fifteen years."

This, we think, very aptly states the rule which applies in this case. The executors under the will of McCoy were directed to manage and control the property, collect the rents and revenues therefrom, and distribute same among the heirs or devisees, but there is no provision found in the will which forbids the alienation of the interest bequeathed to the devisees, and this is all that was attempted by the devisees in this case. From an examination of the deed of conveyance executed by Ella M. Bilbo, nee McCoy, to the defendants in error, we find that the will is referred to and it is specifically set forth that she is only conveying such interest as she holds in the land by reason of the will, and subject to the terms and conditions of the will, and warrants the title thereto. And it is agreed that the deeds executed by the devisees are all identical. In the case of Martin v. Davis, 82 Ind. 38, the court said:

"In this case the testator created a trust of a sum of money and directed the income to be paid to two persons semiannually during their lives. The right to the income was held alienable."

Quoting from the syllabus:

"A will bequeathed a sum of money, 'to be held in trust' under the direction and supervision of the court having probate jurisdiction,' for the use of A. and B. during their lives, in equal amounts 'the interest to be paid to them semiannually' by the trustee, and in the event of their death the principal was to go to their heirs.

"Held, that either beneficiary could make a valid assignment of the income bequeathed to him, before the time fixed for its payment, the will imposing no restriction in reference thereto."

And in the case of Indiana Ry. Co. v. Morgan, 162 Ind. 331, 70 N. E. 368, in discussing the question here involved, the court said:

"Under this rule the life estate, being vested in the widow the title to the land in controversy, was not in abeyance, nor in the widow, nor in the executors, but in the beneficiaries, children of the testator, and subject, also, to conveyances made by them."

Many other authorities are cited in support of this rule, but we deem it unnecessary to further incumber the records with such quotations.

The plaintiff in error contends that the executors under the will held the property in trust for the benefit of the devisees and that the sale complained of was in violation of the trust, but we cannot agree with counsel in this contention, as the instrument with which we are now dealing clearly contains no element of a deed of trust. It is true that there are trust features in same, but they are merely incidental to the real purpose and intention of the testator.

Sallie G. McCoy and Henry C. McCoy, the parties named as executors in the will, were also beneficiaries under the will and the estate is clearly distributed to the various devisees by the terms of the will, and the executors are directed as to the management and control of the property, but it contains no language which would indicate that they held the property in trust; they were merely intrusted with the distribution of the revenues derived from the property. Plaintiff in error cites the case of Hill v. Hill, 49 Okla. 430, 152 Pac. 1122, as an authority for her contention, but in that case the court was dealing with a different character of instrument.

The property was given, bequeathed, and devised to A. R. Hickman, not an heir, and in trust for the benefit of the heirs of the testator. Hickman took no property or interest in the estate by the will, but was specifically named as trustee and directed as to his duty in the management and control of the estate, and the court very properly held that the language used in the will, in the Hill case, constituted a trust.

We think the language found in this will creates a power in the executors rather than a trust; so far as their capacity as executors are concerned, they were only directed to manage and control the property and sell same upon a condition subsequent. This vested no title in the executors as executors, and we think it is a well-established rule of law that this is merely a power to sell.

In the case of Estep v. Armstrong (Cal.) 27 Pac. 1091, we find this language:

"It is well settled by the current of American as well as of English decisions that mere direction to an executor to sell lands for the purpose of paying legacies or making distributions does not vest any title to the land in the executor."

And in the case of Todd v. Worthman, (N. J.) 18 Atl. 843:

"Where the testator directed his executors to sell his real and personal estate as soon as it could conveniently be done for the best interest of the estate, and made no devise of the lands pending such

sale, held, that until the power of sale was exercised by the executors the legal title to the lands descended to and vested in the testator's heirs at law, and that they were entitled to the rents and profits while such title was vested in them."

The same rule is announced in the case of Lamber v. Harvey, 100 Ill. 338, and Speed v. Perry (N. C.) 83 S. E. 176; and in the case of Boland v. Tierney, 118 Iowa, 59, 91 N. W. 836, the court said:

"A will devising land to the testator's grandchildren and containing a clause that it was the testator's desire that the executor should sell the land, invest the proceeds, and divide the accumulated amount between the grandchildren when the youngest became twenty-five years old, passes the title to the grandchildren, with power of sale by the executor."

And in the case of Brumfield v. Drook, 101 Ind. 190, the court said, in dealing with a provision similar to the one at hand:

"That during the life estate of the mother the title was not in abeyance, but it was in the testators children, and the conveyances by the daughters, during such life estate, divested them of title to the land and precludes them from claiming any interest in its proceeds."

The case of Myers v. Adler et al. (Ky.) 1 L. R. A. 432, we think presents a similar question. The testator there devised to his wife his property for her natural life, and further provided that at her death his executors should sell the real estate and personal effects and divide the proceeds equally between his three daughters; he had one son, who was also provided for in his will. One of the daughters executed a will in which she devised to her sisters her interest in her father's estate by reason of her father's will. This sister died prior to the death of the mother, and the brother instituted suit, contending that the interest held by the deceased sister under the will was not devisable, but that it was a lapse legacy and went back to the estate subject to distribution as the law provides, but the court held to the contrary, and to the effect that it was a vested remainder, and that the interest devised by the father's will was a vested interest in the daughter, which could be devised, and sustained the judgment of the trial court dismissing the bill.

And likewise the case of Jones, Administrator, v. Knappen et al., 14 L. R. A. 293, wherein the following rule is announced:

"The remaindermen take a vested interest at the death of the testator, under a will giving the use of the estate to the

testator's wife for life, and continuing, 'At her decease I give and bequeath all my estate that may remain' in specific amounts to certain designated persons, with the residue to the next of kin of testator and his wife."

And in the body of the opinion we find this language:

"If the language of the will imports the present bequests of property to be distributed at a period subsequent to the death of testator, the persons in esse at the time of his death will as a rule take a vested interest."

And further states:

"So where the benefit of a legacy is given for life to one, and, after his decease, to another, the interest of the second legatee is generally vested and passes to the heirs of the second legatee, though he died during the existence of the life of the first taker."

We think the authorties cited are decisive of the right of the parties in this case, and that under the terms and conditions of the will, the devisees were not prohibited or prevented from legally alienating their interest in the estate under the will, and the conveyances executed and delivered to the defendants in error, C. R. Smith and Earl Q. Gray, were valid, and should have been sustained by the trial court, and we, therefore, reverse the judgment of the trial court in this particular, wherein he ordered the deeds canceled.

We think the judgment of the court wherein it held that the plaintiff in error, Lena Whitmore, was only entitled to such interest in the estate as she acquired by reason of the provisions of the will and only entitled to her distributive share under the will, was correct and should be affirmed.

And we further find that plaintiffs, under their deeds of conveyance from the various legatees under the will, will be entitled to the interest of said legatees at such time as the property may be sold under the terms of the will, and that they are entitled to the interest of the legatees in and to all revenues derived from said property from and after the date of the several conveyances.

By the Court: It is so ordered.