## MELISH CONSOLIDATED PLACER OIL MINING ASS'N v. BURK-SENATOR OIL CO. et al.

No. 22821. Opinion Filed April 4, 1933.

Ledbetter, Stuart, Bell and Ledbetter, for plaintiff in error.

Gordon Stater, for defendants in error.

OSBORN, J. This is an appeal from the district court of Tillman county, Okla., by the Melish Consolidated Placer Oil Mining Association in Red River, a voluntary association, as plaintiff in error, against Burk-Senator Oil Company, a voluntary association, the Natchesdotches Oil Company, a voluntary association, the Burk Bet Oil Company, a voluntary association, W. F. Quay, H. D. Hardstein, Tom Testerman, and Burk Allied Oil Company, a voluntary association, as defendants in error, involving certain orders made by the trial court in overruling motions to revoke and set aside the levy of certain executions upon the property of plaintiff in error to satisfy a judgment in favor of defendant in error, and in confirming the sale thereof.

This appeal grows out of considerable litigation which has heretofore been before this court under the style of Testerman v. Burt. 143 Okla. 220, 289 P. 315.

The cause originated as an action by J. A. Burt against Tom Testerman and numerous other defendants to determine the interest of unit holders in the Melish Consolidated Oil Mining Association and to distribute its assets. Other defendants who claimed an interest in the assets of the association were made parties, and they asked that their rights be adjudicated. Upon a final hearing, the court refused to dissolve the association, entered a judgment against Tom Testerman, and determined the rights and interests of several parties in the association and its property. The final judgment of the trial court was rendered on May 9, 1927, and was appealed to this court. On September 3, 1927, the Burk-Senator Oil Company filed in the trial court a motion for judgment in its favor against the Melish Association. The Melish Association filed an answer thereto and the Burk-Senator Oil Company filed a reply. It appears from the briefs that the court refused to act on this motion for judgment while the appeal was pending. but when the mandate of this court had been filed in the district court, the hearing was had on the issues thus raised, resulting in a judgment in favor of the Burk-Senator Oil Company in the sum of $20,853.93. No appeal was taken from said judgment. which was rendered on September 25, 1930. A motion for a new trial was overruled on October 4, 1930, and on March 13, 1931, an execution was issued against the Melish Association to collect a balance due on the judgment of $11,120.12. The execution was levied upon certain oil leases, tools, and equipment, and also upon a judgment in favor of the Melish Association against Tom Testerman recovered in the original action above mentioned, in the sum of approximately $66,000. The property, including the judgment, was appraised and sold by the sheriff over the protest of the Melish Association, which filed motions to withdraw the execution and also objections to the confirmation of the sale, all of which were overruled by the court, and this appeal is taken from said orders.

A complete history of the litigation would be lengthy, but a brief resume thereof may be desirable in presenting the issues raised on this appeal.

The Melish Association staked claims in the bed of Red river, and thereafter made a contract with the Burk-Senator Oil Company to develop said claims for oil, the Melish Association to receive one-sixth of the oil produced. A well was drilled, now known as "Well No. 139," resulting in the production of oil. Innumerable disputes arose between various parties, including the United States, the state of Oklahoma, and the state of Texas, the resulting litigation culminating in a decision by the Supreme Court of the United States, in effect, holding that the United States alone owned said lands and the oil thereunder. The Burk-Senator Oil Company, and other persons, had expended large sums of money in discovering and producing oil on the various claims staked in the bed of Red river, and during the litigation above mentioned a federal receiver had been appointed to take charge and operate all of said property. Thereafter Congress passed a relief measure (42 Stat. 1448, 30 USCA, sections 230-236) authorizing the Secretary of the Interior to award leases to parties who had expended money or effort in good faith in the development of said lands for oil and gas. The Melish Association applied for and secured a lease covering the property herein involved, but the Secretary of the Interior made the rights of the Melish Association subject to the prior contract existing between the Melish Association and Burk-Senator Oil Company. In the meantime the federal receiver had been in possession of said lands, and had been producing said property, and had approximately $52,000 in his hands for distribution to the parties properly entitled thereto.

During this time internal strife developed

in the affairs of the Melish Association, which strife was culminated by the litigation decided by this court in the case of Testerman v. Burt, supra. The district court of Tillman county appointed a receiver, who took charge of all the properties and monies, including the $52,000 in the hands of the federal receiver, which money belonged to the Burk-Senator Oil Company. The Burk-Senator Oil Company did not claim all of the lands in which the Melish Association had rights, but the final judgment of the district court determined that the Burk-Senator Oil Company (and other companies in similar situation) had a leasehold or contractual rights "on so much of the territory covered by the leases and permits granted to the Melish Association as is embraced within the tracts of land so contracted or leased to said contractees."

The receiver had been using the monies in his hands, and thereafter received from the sale of oil and gas, in drilling wells on the property in his hands, and in properly developing the same without regard to the actual boundary lines of the lands belonging to the various contractees. It was thereafter determined by actual survey that wells numbered 1, 3, 5, and 139 were upon the Burk-Senator properties and wells numbered 2 and 4 were upon the property belonging to other persons, but the receiver had used the monies of the Burk-Senator Oil Company with which to drill wells 2 and 4.

After the mandate of this court had been received by the trial court, said court proceeded to take an accounting as between all of the parties to said action, as to the funds coming into the hands of the receiver and expended by him. It appears, however, that there was a judgment against the Melish Association for $3,446,84, which judgment had been declared to be a first or prior lien upon all the property of the Melish Association. This judgment was later purchased by the Burk-Senator Oil Company, and execution issued thereon, same being one of the executions sought to be recalled in this cause.

The material parts of the judgment are as follows:

"The court further finds that the funds now in the hands of the receiver, amounting to $9,637.90, is the property of the Burk-Senator Oil Company and should be paid forthwith to said company, to which all the other parties to this proceeding except, and exceptions are allowed, jointly and severally. * * *

"The court further finds exhibit 'I' of the Burk-Senator Oil Company, as introduced in evidence herein, correctly described and fixes the lines of the acreage of the Burk-Senator Oil Company, and the same is adopted herein as correct by reference; and the court further finds that wells No. 139, No. 1, No. 3 and No. 5 are upon the property of the Burk-Senator Oil Company and belong to it subject to and in accordance with the original judgment as rendered by this court heretofore and affirmed by the Supreme Court of this state. And the court further finds that wells No. 2 and No. 4 are upon property belonging to the Melish Association under the judgment of the court heretofore rendered and affirmed by the state Supreme Court.

"And the court further finds that the Burk-Senator Company has a first, valid and subsisting lien upon all the property of the Melish Association, subject only to the claim of $3,446.84, and interest, which is the outgrowth of the judgment rendered by this court on May 12, 1927, in this cause of the Burk Allied Oil Company, to which judgment rights Russell Cowles, Anthony Bassler, and Geo. W. Green are subrogated; to the fixing of which judgment as a first lien the Burk-Senator Oil Company excepts and exception is allowed. * * *

"The court further finds that subject only to the above subrogated judgment of $3,446.-84, the Burk-Senator Oil Company is entitled to judgment, and to a first valid, prior and subsisting lien and judgment upon and against the entire properties and interests and claims and things of value of the Melish Association in Red River, as well as judgment against said association itself in the sum of $20,853.93, which amount is divided into three items as follows, to wit: $9,637.90 cash in the hands of the receiver, which amount, when paid to the said Burk-Senator Oil Company, shall be credited on said judgment; and $7,135.92, being the one-third part of the cost of receivership, chargeable to said Melish Association, but paid out of the funds of the said Burk-Senator Oil Company; and the sum of $4,-080.11 additional, on account of expenditure of said Burk-Senator Oil Company's funds for said Melish Association and in the development of its land; and that said judgment and lien is a first and prior lien upon all the property, interest, claims of said Melish Association, which said judgment and lien is entitled to be foreclosed, to which the said Melish Association excepts and exception is allowed. * * *

"The court further finds that the said Burk-Senator Oil Company has a first, valid, prior, and subsisting lien upon all the property of the said Melish Association, and is entitled to a judgment against it on account of receivership expense which said Melish Association should have paid, but which have

come out of the funds of the Burk-Senator Oil Company, such sum being in the amount of $7,135.92, which is a part of the sum heretofore set out as being owing to the Burk-Senator Oil Company by said Melish Association, which said lien shall be and is as aforesaid subject only to the lien and subrogated judgment claim of Cowles, Bassler and Green, heretofore set forth, to which exceptions are taken and exceptions are allowed.

"It is further considered, ordered, decreed, and adjudged by the court that the said Burk-Senator Oil Company have and recover judgment of and from the Melish Association in Red River, in the sum of $20,853.93, and said judgment shall be credited with the funds in the hands of the receiver, as hereinafter set forth, upon the payment of the same by the receiver to said Burk-Senator Oil Company; which said judgment is a first prior, subsisting and paramount lien upon any and all properties, royalties, interests, claims, leaseholds, contracts, or things of value whatsoever, belonging to or in which the said Melish Association has an interest; and such lien and lien rights should be foreclosed; but such judgment and lien is subject only to the lien under the subrogated judgment of Bassler, Cowles, and Green, as hereinbefore set forth."

This judgment is unappealed from.

It is contended by the Melish Association that the execution should have been recalled, and the court should have refused to confirm the sale of the property thereunder for the reason that said judgment was invalid, in that all the matters determined thereby were res adjudicata by reason of the previous judgment in the cause of Testerman v. Burt, supra.

We are unable to agree with this contention. We fail to find any essential element of estoppel by the previous judgment. The expenditure of funds resulting in the present judgment occurred during the pendency of the preceding case, and the issues in this cause were not, and could not have been, determined by the trial court in its prior judgment.

Moreover, this was a proceeding to confirm a sale under execution. In the case of Millard v. Nelson, 139 Okla. 56, 281 P. 238, it is said:

"On motion to confirm sale of real estate made under execution, the court should confine itself to the regularity of the proceedings on the sale, and is not required to go behind the execution and look into the regularity of the judgment."

The trial court, in the rendition of said judgment, was proceeding only in conformity with the mandate from this court, and adjusting the equities which had arisen during said litigation between the parties. In the case of State ex rel. Goldsborough v. Huston, 28 Okla. 718, 116 P. 161, it is said:

"The district court may * * * determine any matters left open by the mandate of this court, and judgment rendered * * * thereon can be reviewed in this court by new proceedings in error only."

See, also, Harper v. Aetna Building & Loan Association, 88 Okla. 128, 211 P. 1031.

The Melish Association further objects to the confirmation of the sale of its interests in the oil and gas leases by reason of a restriction therein contained that same shall not be assigned without the consent and approval of the Secretary of the Interior. It is observed, however, that all of said proceedings expressly provide that said sale is subject to approval by the Secretary of the Interior. In the original case of Testerman v. Burt, supra, the Melish Association made a contention directly opposing in principle its contention in this respect. This court adversely determined said contention in that case. We do not have to rely solely upon the principle of estoppel to assert said contention by the Melish Association in this case, for, in the case of McKee v. Interstate Oil & Gas Co., 77 Okla. 260, 188 P. 109, this court held:

"The district courts of this state have jurisdiction to foreclose a mortgage on the interest of the lessee in an oil and gas lease on Indian land in the Osage Nation while the land is held in trust by the United States, such action in no wise affecting the title of the Indian owners, and not contemplating an invasion of the province of the Secretary of the Interior to approve or disapprove any transfer of the lease, in case of transfer pursuant to a foreclosure sale."

We, therefore, hold that this claim of the Melish Association is without merit.

The Melish Association contends, as a third reason for denying the confirmation of said sale under said executions, that the purported levy on the judgment rendered in the original action, in favor of the Melish Association and against Tom Testerman for approximately $66,000, was unauthorized by law, and that the sale thereof is, therefore, void.

It will be noted that this action, and the action out of which the former appeal arose, constitute but different phases of equitable relief as between the various contending parties. The original suit had for its primary purpose the declaration of a trust in

certain property, and the determination of the interest of various unit holders, and the conservation of said trust property by the appointment of a receiver. The present action is founded upon a judgment and decree of the trial court in furtherance of the determination and settlement of the various equities. The decree of the court awarded a judgment in favor of the Burk-Senator Oil Company and against the Melish Association for approximately $20,000. Said judgment was reduced, by order of the court, by the application of certain monies in the hands of the receiver, whose report was approved by the court, leaving a balance of approximately $11,000 due under the terms of said judgment. Said decree further gave to the Burk-Senator Oil Company a lien upon all of the tangible and intangible property of the Melish Association in that it provided said judgment "is a first, prior, subsisting, and paramount lien upon any and all properties, royalties, interest, claims, leaseholds, contracts, or things of value whatsoever belonging to or in which said Melish Association has an interest; and such lien and lien rights should be foreclosed. * * *"

One of the assets of the Melish Association was the judgment rendered in said action against Tom Testerman for approximately $66,000, and by said decree a lien was impressed upon said judgment for the purpose of satisfying and discharging said judgment of approximately $11,000 in favor of the Burk-Senator Oil Company.

The decree of the court provides that said "lien shall be foreclosed," but no specific directions are contained therein as to the exact method of foreclosure of the rights of the Melish Association in said Testerman judgment.

The Burk-Senator Oil Company caused general executions to be issued and levied upon the various pieces of tangible property, and the sheriff purported to levy the same on the Testerman judgment above mentioned. The manner of levying by the sheriff on said judgment is not discoverable from the record. All of the property was appraised, the return of the appraisers showing that said judgment was appraised and that its value was "nothing." A sale was had pursuant to advertisement, and all the property, including said judgment, was sold for a lump sum of $5,000, the Burk-Senator Oil Company being the purchaser at said sale.

The Melish Association contends that said judgment is not subject to general levy of execution by reason of the provisions of section 440, O. S. 1931, which provides:

"Lands, tenements, goods, and chattels, not exempt by law, shall be subject to the payment of debts, and shall be liable to be taken on execution and sold, as hereinafter provided."

It is clear that a judgment does not come within the terms of the above section. At common law, judgments, like other choses in action, are not subject to execution. Acme Harvesting Machine Co. v. Hinkley, 23 S. D. 509, 122 N. W. 482; Haigler v. Burson (Ariz.) 298 P. 404; 23 C. J. 327, sec. 49.

Under the statutes of this state, we do not find a modification of the common-law rule which will authorize the levy of a general execution on judgments. However, under the provisions of section 478, O. S. 1931, the interest of a judgment creditor under a judgment, under certain conditions, may be subjected to the payment of a judgment against him "by action, or as hereinafter prescribed." The sections following lay down a broad and liberal procedure in aid of execution, authorizing the court to subject equitable assets of a judgment debtor to satisfy a judgment. But this procedure is not tantamount to authorizing the levy of a general execution. It recognizes the difficulties which present themselves to an officer in attempting to take into his custody for sale intangible things of value.

Through this procedure, sometimes referred to as a creditor's bill, or supplementary proceedings in aid of execution, the court is granted certain powers of inquiry into the intangible assets of a judgment debtor, and is vested with broad powers, such as the appointment of a receiver over the debtor's intangible property, and by proper process, it can cause the delivery of said property, and is given power to make certain orders in connection therewith. In addition to such statutory power, the trial court herein is vested with the powers of a chancellor in equity for discovery of assets.

The trial court has jurisdiction of all the parties hereto, as well as jurisdiction of the subject-matter involved; the judgment in question having been rendered by said court in this action.

While it is clear that the judgment was not subject to levy and sale under a general execution, nevertheless, under the powers of the court as hereinabove enumerated, the trial court is empowered to do equity to all the parties involved by subrogating the Burk-Senator Oil Company to the rights of the Melish Association to the Testerman judgment to the extent of the unpaid balance of the judgment of the Burk-Senator Oil Company against the Melish Association.

The trial court is also authorized to empower the Burk-Senator Oil Company to proceed with the collection of said judgment by the aid of a writ of execution or any other process for the collection of judgments, and to direct that, in the event a portion of said judgment is collected, the indebtedness due the Burk-Senator Oil Company be first paid, and that any and all amounts paid upon said Testerman judgment over and above the indebtedness due the Burk-Senator Oil Company be paid to the Melish Association, and that after the claim of the Burk-Senator Oil Company is satisfied, it shall have no other or further interest in said judgment.

The cause is affirmed as to the confirmation of the sale of all the property except as to the Testerman judgment, but, as to said judgment, the sale thereof is vacated and the cause is remanded to the trial court, with directions to proceed in conformity with the views hereinabove expressed, the costs herein to be equally divided between the Melish Association and the Burk-Senator Oil Company.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, BAYLESS, and WELCH. JJ., concur. BUSBY, J., absent.