ADAMS, Ex'r, v. DUGAN, Sheriff, et al.

No. 31232. Oct. 9, 1945.

Rehearing Denied Nov. 20, 1945.

*163 P. 2d 227.*

Tolbert, Gillespie & Cunningham, of Hobart, for plaintiff in error.

R. Place Montgomery, of Hobart, and Robert H. Sherman, of Oklahoma City, for defendants in error.

WELCH, J.   This action was brought to enjoin the sale of land under execution. The trial court sustained demurrer to plaintiff's petition. The petition alleged that plaintiff is the qualified and acting executor of the estate of Walter Barr Steedman, deceased, and is also the testamentary trustee of the real property under a trust thereof established by the will of such decedent. A copy of the will to which reference was made was attached to the petition. The same contained the following provisions:

"All the real property which I am possessed of at the time of my death, I bequeath and devise unto Mack B. Adams, to have and to hold the same in trust upon the terms and conditions for the uses and purposes, and with the powers and duties following, that is to say:

"First: To hold, possessed, manage and control the said estate and every part thereof, in the same manner as if I were living, and the trustee shall have power to sell, mortgage, convey, lease, and dispose of the same upon such terms and in such manner and for such length of time and for such prices as to my said trustee shall seem meet and proper, and I give and grant unto my said trustee full power and authority to invest and reinvest all moneys, which may come into his hands in such manner, in such securities, or other property as to my said trustee shall seem meet and proper, and all such property which shall be so acquired shall be imbued with the same trust as the original.

"Second: And the trustee shall pay the income of the said trust to my wife, Kathryn Bell Steedman, until her death, in the event that I die first.

"Third: At the death of my wife, in the event that I die first, or upon my death, in the event that she dies first, the income of said trust shall be paid to my children, George Ward Steedman, (Mrs.) Reba Adams, and Aubrey Earl Steedman. If at the time of my death, in the event that my wife dies first or upon her death in the event that I die first, one or more of my children shall be dead or whenever one of my children shall die during the time that the children are receiving the income of the said trust, then in that event the issue or issues of said child shall receive that child's proportionate share by right of representation or per stirpes but if there be no living blood descendants of my child then that child's portion shall be divided between the other beneficiaries. This, is in the event that my children shall not have sold their beneficial interest in the estate in the manner that I have hereinafter set out, if they have so sold then that grantee shall take the child's share.

"Fourth: In the event that one or more of my children should desire to sell their beneficial interest in the trust estate it is my wish and desire that they be so allowed. To sell their interest it shall be necessary for them to cause to be made a written instrument signed and acknowledged before some officer authorized to take acknowledgments, said instrument to be executed by the parties and then served upon the trustee, who shall acknowledge receipt upon the instrument and it shall then be recorded in the Recording Office under both real property conveyances and also personal property conveyances in every county wherein any of the trust property may be located.

"(Signed Walter Bar Steedman)

"Fifth: Eleven (11) years after the death of my wife in the event that I die first or eleven (11) years after my death in the event that she dies first the trust herein created shall at once cease and the trustee shall pay over and deliver the property constituting the trust estate both principal and accumulated interest free from the trust, to my then living children or to their grantees if they have sold their share, or if they have not sold their share but have died to the persons whom they have desig-

nated in their last will and testament, or if they do not make a will or do not provide for disposition of this property then it shall go to their living issue, if they have any, per stirpes or by right of representation, if they do not leave any issue then that deceased child's portion shall be distributed between the other persons entitled thereto. In the event that none of my children shall be alive at that time nor designate anyone to take the property, nor have sold their share, nor leave any living issue then the property shall be paid over and distributed by the trustees to the persons who would then be my heirs at law as the same may be determined by the laws of the State of Oklahoma in force at that time in like manner as if I had then died intestate.

"In the event that I should die before my wife and she should elect to take one-third (1/3) of my property as provided by the laws of descent and distribution of the State of Oklahoma, as she has a right to do, rather than take under this will it is expressly provided that this shall in no manner render the balance of this will void but it is my intention that in such event the remaining two-thirds (2/3) shall be kept in the trust and the income therefrom shall be paid to my children as I have above set out."

It is further alleged that the administration of the estate of Walter Steedman is pending in the county court of Kiowa county, Okla., and has not been closed and the assets have not been distributed; that there are debts and allowed and unpaid claims against the estate which, together with widow's allowance and expense of administration, will necessitate a sale of all or a part of the real estate involved for the purpose of payment thereof.

It is further alleged that the defendant sheriff of Kiowa county, Okla., has levied upon said real estate under execution issued out of the district court of Oklahoma county, Okla., in a cause wherein Florence Steedman had obtained a personal judgment against George Steedman. The levy so made was upon "the following described interest in said real estate of said debter

158

situated in Kiowa county, State of Oklahoma, to wit:

"The undivided beneficial interest of said George Steedman, being the same person as George Ward Steedman, as remainderman, in and to the estate, and in the trust created under the last will of Ward Bar Steedman, deceased, including an undivided one-third interest as remainderman in and to the following described real estate, to-wit, . . ." (land description omitted.)

It is further alleged that said George Steedman has no interest in the real estate subject to levy and sale upon execution, and that such levy and effort to sell thereunder would operate to cloud plaintiff's title.

The trial court sustained defendant's demurrer to such petition and dismissed the cause, resulting in this appeal by plaintiff.

The question presented here is whether George Steedman had an interest in the land which is subject to levy and sale under execution.

It is obvious from the terms of the will that the legal title to the land is vested in plaintiff, Mack B. Adams, and that there is thereby created an active trust. 60 O. S. 1941 § 144, and Hill v. Hill, 49 Okla. 424, 152 P. 1122. The trustee is given full power of sale. That holds true as to any portion of the real estate remaining even though the widow might elect to take under the statutes of descent and distribution.

The will does not provide that George Steedman shall receive any part or portion of the specific real estate described in the return of levy. The levy is sought to be made upon the real estate. The will vests title thereto in plaintiff Adams as trustee. George Steedman can never own an interest in that specific property except, first, the same is not sold by the trustee, and, second, that said George Steedman be living at the end of the trust period. In view of those contingencies, it is little more than mere speculation to assume or anticipate that he will ever receive any part

or interest in the specific realty. As to George Steedman's present interest in this land, it is but little more, if any, than a mere contingent expectancy. At best, then, George Steedman can be classed only as a contingent remainderman.

The great weight of authority is to the effect that such contingent interest is not subject to levy and sale under execution.

In discussing the rule in 23 C. J. pages 335 and 336, the notes to the text state one of the sound reasons for the rule as follows:

"The reason given is that such a policy would encourage gambling and speculation and that the purchasers at such sales would not put a high estimate on the possibility of the defendant in execution afterward acquiring any interest in the land and that the danger of sacrifice is a strong reason for not subjecting contingent interests to sale under execution. Plumlee v. Bounds, 118 Ark. 274, 176 S. W. 140. To same effect Kenwood Trust, etc., Bank v. Palmer, 209 Ill. A. 370."

In 33 C. J. S. page 169, subdivision D of sec. 36, under executory devises, it is stated:

". . . However, such a devise subject to a condition which makes the estate wholly contingent and a mere possibility cannot be reached on execution."

The case of Crum v. Crum, 65 Ohio App. 431, 30 N.E. 2d 448, supports the statement and is quite similar in facts to the present case. We quote paragraph 3 of the syllabus of the Crum Case as follows:

"Where such will contains the further provisions that 'if any of my said children be not living at the time of the final distribution of my estate, then their share shall pass to their heirs who are of my blood, and if all the children of any one of my said sons be deceased at the time of the final distribution of my estate, the wife of such deceased son, should she then be living, shall inherit the one-fifth share of such said deceased son, the remaining four-fifths

to revert to the residue of my estate,' the interest of the children of testator is contingent upon surviving the wife of testator and is not subject to levy and sale on execution."                ,

A statement helpful in many respects herein is found in 33 C.J.S. page 175, a part of subdivision C of sec. 41, as follows:

". . . Under many of the statutes, the rule is laid down that where the legal title is vested in the trustee under a passive, simple, or dry trust, with no duty except to convey to the person ultimately entitled, the interest of the cestui que trust is subject to seizure and sale under execution; but where the land is held by the trustee under an active trust, requiring the continuance of the legal title in him to enable him to perform his duties, the equitable estate is not subject to execution. It is also the generally accepted doctrine in the United States, in construing statutes based on 29 Car. II, that in order to subject the equitable estate of a cestui que trust to execution at law, the trust must be clear and simple, and for the benefit of the debtor alone, and that equitable interests held jointly with another person are not subject to sale under execution."

In Home Bank of Lexington v. Fox, 113 S. C. 378, 102 S. E. 643, this syllabus rule is stated:

"Execution cannot be levied on a contingent interest of the debtor under a testamentary trust."

See, also, San Diego Trust, etc., v. Heustis, 121 Cal. App. 675, 10 P. 2d 158; B. F. Goodrich Co. v. Thrash (Wash.) 131 P. 2d 734.

We are in accord with the statement in 33 C. J. S. page 167, sec. 36, to the effect that the general rule is that all possible interests in land, contingent or otherwise, which are real and substantial, are subject to seizure and sale on execution, and that generally if the interest is assignable it is subject to execution. Where the contingencies are such, however, as to render the interest in the specific property a mere remote

possibility, the difficulty in determining the value of the interest for sale upon execution gives strong practical and legal reasons for denial of the right to so levy. Especially so where sacrifice of the judgment debtor's expectancy is probably without substantial benefit to the judgment creditor.

Under the facts here the value to be placed upon the contingent interest of George Steedman in this real estate can be nothing more than speculation and the benefits to be gained by the judgment creditor are equally so. We conclude that the legal title of the trustee, who must retain the same in full performance of his active trust, should not be subject to the cloud of such an effort to sell under execution.

The judgment is reversed, and the cause remanded, with directions to overrule defendant's demurrer to plaintiff's petition, and to proceed consistently with the views herein expressed.

GIBSON, C.J., and OSBORN, BAYLESS, DAVISON, and ARNOLD, JJ., concur. HURST, V.C.J., dissents.

HURST, V.C.J. (dissenting). The majority opinion is based upon the assumption that the interest of George Steedman in the lands levied upon is at most a contingent remainder. I think it is a vested remainder.

1. Our statutes do not define vested and contingent remainder, though they refer to them. 60 O. S. 1941, ch. 2. We must look, then, to the general law for the distinctions.

In Black's Law Dictionary (3d Ed.) a vested remainder is defined as one "limited to a certain person at a certain time or upon the happening of a necessary event", and a contingent remainder is defined as one "limited to take effect to a dubious and uncertain person, or upon a dubious and uncertain event." Similar definitions may be found in many cases and text books. See 23 R. C. L. 497, 499; 33 Am. Jur. 525, 529; 21 C. J. 980, 981; 31 C. J. S. 88, 90. A vested remainder is an es-

state, while a contingent remainder is not an estate but is a mere possibility or prospect of an estate. Simes, Law of Future Interests in Land, § 68; Tiffany, Real Property (3d Ed.) § 325; 23 R. C. L. 500; 33 Am. Jur. 527, 530; 21 C. J. 979, 984; 31 C. J. S. 88, 91.

There are three classes of vested remainders, (a) those absolutely vested, (b) those subject to being partly divested by opening and letting in other remaindermen, and (c) those subject to being completely divested. Simes, § 57; Restatement, Property, § 157; Tiffany, § 319.

The remainder here is either a contingent remainder or a vested remainder of the third class—one subject to complete defeasance. The difference between the two, broadly speaking, is stated in an annotation on the subject in 131 A. L. R. 712, as follows: "If the condition on which the estate depends is precedent, the estate is contingent; if subsequent, it is vested, subject to defeasance." To the same effect, see 23 R. C. L. 509, § 43; 33 Am. Jur. 544, § 88; Page on Wills (2d Ed.) § 1116.

In case of doubt the courts will, where possible, construe a remainder to be vested rather than contingent, and they favor a construction that will make the remainder vest at the earliest possible date. 21 C. J. 995; 31 C. J. S. 96; 23 R. C. L. 521; 33 Am. Jur. 558; Simes, § 93; Gray, The Rule against Perpetuities (4th Ed.) § 752.

The interest of George Steedman in the lands fits the definition of a vested remainder and not that of a contingent remainder as stated by Black, above. The three remaindermen, children of testator, are "certain persons". The event which entitles them to come into possession of the estate is a "necessary event." Their mother is certain to die, and eleven years are certain to elapse after her death. It would seem, then, that the remainder interest should be considered vested unless the other provisions of the will clearly indicate that the testator intended it to be contingent.

The fact that the remaindermen are expressly given the right to dispose of their interest, either by grant or will, so that the grantee or beneficiary under the remainderman's will would have an absolutely vested interest, thus rendering the other conditions inapplicable, is indicative of an intention on the part of the testator that interest of the three children shall be vested rather than contingent. I do not believe that any of the provisions establish an intention on the part of testator that the remainder interests be contingent.

a. The will gives the trustee power to sell the property and to reinvest the proceeds and to hold the same subject to the terms of the trust. But, the rule seems to be universal that a remainder is not rendered contingent by a power given the life tenant, executor or trustee to dispose of the property either by grant or by will. Simes, § 80; Tiffany, § 319; Restatement, Property, § 157 and comments under clause (c); 131 A. L. R. 712, at 715, annotation; 21 C.J. 981; 69 C. J. 625, § 1717; 31 C. J. S. 90; 23 R. C. L. 511; 33 Am. Jur. 545.

b. The intention of the testator that there shall not be a present vesting of the remainder in the three named children of testator is not shown by the fact that the will merely directs the trustee to "pay over and deliver" the property to the children at the termination of the particular estate in the trustee, under the "divide and pay over" rule, especially when other provisions, such as those giving the three children the right to dispose of their interests, are taken into consideration. Koelliker v. Denkinger, 148 Kan. 503, 83 P. 2d 703, 119 A. L. R. 1; Restatement, Property, § 260; 33 Am. Jur. 571; 69 C. J. 628, § 1721. The courts favor holding an estate vested under the "divide and pay over" rule where the remainder is given to named persons who are the natural objects of the bounty of testator, such as his children. 128 A. L. R. 309, annotation. And where the postponement of distribution is for the convenience of the estate so as to let in

some other interest or, as here, to pay an annuity to the life tenant, and not because of the incapacity of the remainderman, as in case of a spendthrift trust, it is said that the immediate vesting in the remaindermen is not prevented by the postponement under the "divide and pay over" rule. 33 Am. Jur. 570; 69 C. J. 630.

c. The present vesting in the three named children of testator is not prevented by the fact that, in the fifth paragraph of the will, it is provided that the interest of any of the named remaindermen, who may be deceased at the time the particular trust estate shall cease, shall go to his or her living issue, provided such remainderman shall not have sold or willed away his or her remainder interest, nor by the fact that if such remainderman shall die intestate, without issue and without having disposed of his or her remainder interest, and none of testator's children are then living, the share of such deceased remainderman shall go to the *then* heirs at law of the testator. These are conditions subsequent. 69 C. J. 632-637; Annotations, 109 A. L. R. 5 and 136, and 128 A. L. R. 306. However, the interest of the *issue* of the remainderman or the *then* heirs of the testator would probably be contingent.

The direction to pay over and deliver the interests at the expiration of eleven years after the death of the widow to testator's "then living children" refers to the possession and enjoyment of the property and does not mean that until that time the remainder interests of the three named children are contingent. This is another way of saying that if a remainderman has died prior to the time when the precedent trust estate shall cease, the interest of the deceased remainderman shall go in the manner directed in the will.

d. The present vesting of the remainder interest is not prevented by the fact that the particular limited estate is vested in a trustee. The remainder interest does not vest in the trustee at all. See 23 R. C. L. 508, 529;

33 Am. Jur. 564; 65 C. J. 541. As to such remainder interest, the trustee simply holds a power in trust. 60 O. S. 1941 §§ 190, 191; Simes, § 252; 41 Am. Jur. 808.

While authorities may be found to support any position that may be taken on some of the questions above mentioned, I think the view supported by the better and more recent authorities is that the interest of the three named children of testator is a vested remainder subject to complete defeasance by the happenings of conditions subsequent, such as sale of the property by the executor to pay the debts of testator, or sale by the trustee under the power given in the will, or death of a remainderman intestate and without issue and without having conveyed his interest. A careful study of the cases cited in the majority opinion convinces me that they do not support the conclusion reached.

2. The next question is whether a vested remainder subject to complete defeasance constitutes "lands and tenements" such as may be levied upon and sold under a general execution, as provided in 12 O. S. 1941 §§ 733, 751.

The plaintiff does not argue, and the majority opinion does not hold, that such a remainder interest may not be so levied upon and sold. The authorities seem to be practically unanimous that such an interest may be sold on execution. However, I find no decision by this court on the precise question. In Bierschenk v. Klein, 183 Okla. 494, 83 P. 2d 371, we held that the interest of an heir, subject to a life estate in decedent's widow and subject to mortgage liens (an interest similar to such a vested remainder), was subject to levy and sale under execution as provided in 12 O. S. 1941 § 733. In Whitmore v. Smith, 94 Okla. 90, 221 P. 775, this court held that the remainder interest there involved was vested and could be alienated by the remainderman.

There are three well established general rules which are pertinent: (a)

All interests in land, which are real and substantial, which constitute lands, tenements and hereditaments, which are vested and are not mere expectancies, which are not by express statutory enactment rendered exempt, and which the owner may voluntarily convey, are subject to levy and sale on execution to satisfy the owner's debts (17 R. C. L. 118; 21 Am. Jur. 185; 23 C. J. 335; 33 C. J. S. 167; Freeman on Executions (3rd Ed..) § 373; (b) the vested interest of a devisee or heir in lands, which is the present interest of George Steedman, is subject to levy and sale on execution to pay his debts before the estate is settled and closed by the probate court (Brett v. Fielder, 136 Okla. 222, 277 P. 216; 17 R. C. L. 164; 21 Am. Jur. 209; 23 C.J. 360; 33 C.J.S. 181; Freeman on Executions (3rd Ed.) § 183; and, (c) a vested remainder in land is subject to levy and sale on execution to satisfy the debts of the remainderman, even during the continuance of the preceding estate. 17 R.C.L. 119; 23 R.C. L. 577; 21 Am. Jur. 206; 23 C. J. 335; 33 C. J. S. 168; Thompson, Real Property (Perm. Ed.) § 2233; Tiffany, Real Property (3rd Ed.) § 340; Simes, Law of Future Interests, § 736; Freeman on Executions (3rd Ed.) § 178.

The case of Ducker v. Burnham, 146 Ill. 9, 34 N.E. 558, 37 Am. St. Rep. 135, a leading case both on the nature of the estate and its being subject to sale on execution which has been many times cited with approval, is in point. The material facts and holding are briefly stated in the headnotes to the Northeastern citation, as follows:

"1. A devise to the testator's wife for life, with power to sell and dispose of the property, remainder in fee to testator's children, named in the will, followed by a provision that, if any of such named children die before the wife, then the property is to be equally divided between the survivors, creates a vested remainder, subject to a condition subsequent.

"2. A vested estate in remainder is subject to levy and sale under execution."

The Illinois statute authorized the sale on execution of "lands, tenements, real estate, goods and chattels."

In Caples v. Ward, 107 Tex. 341, 179 S.W. 856, the testator devised his estate to his wife for life with remainder equally to his five named children, with direction that upon the death of his wife the estate be divided equally "between all of my above-named five children then living, or their descendants," with power in the wife, with consent of a majority of the children, to sell, convey or incumber any part of the estate. The court held that the interest of the children, during the lifetime of the wife, was a vested remainder subject to complete defeasance, and was subject to sale on execution to satisfy a judgment against the remainderman. The Texas statute authorized the sale on execution of "real estate" and "lands". The case is in point here.

Markham v. Waterman, 105 Kan. 93, 181 P. 621, is also in point. There the testator devised his property to his wife as the "real owner" and with "complete control" of his property, and directed that after her death the property should be divided equally between his "children or their heirs." The court held that the widow took a life estate with power of disposition, that the children took a vested remainder subject to complete defeasance, that such remainder interest could be sold by the remainderman, and consequently it could be sold by the sheriff to pay his debts, and that it passed to the trustee in bankruptcy of the estate of the remainderman. We took our statute, 12 O. S. 1941 §§ 733, 751, from Kansas.

The fact that the trustee has the power to sell the property does not mean that the interest of the remaindermen or of the purchaser at the execution sale would lose his right by the sale. The will gives the trustee the right to pay to the widow, and to the three children for eleven years after her death, the income only of the property. The corpus of the estate is to be preserved and, regardless of its form, is subject to the

provisions of the trust. The purchaser at the execution sale, like the remainderman, would be entitled to follow the trust property. Page on Wills (2d Ed.) § 990; 69 C. J. 568; Olson v. Weber, 194 Iowa, 512, 187 N. W. 465, 27 A. L. R. 1370. It follows that the purchaser at the execution sale would step into the shoes of the remainderman and would get more than a shadow.

I am, therefore, of the opinion that the interest in the land here involved is subject to sale on execution. However, the purchaser would get only the same interest and rights in the property as George Steedman owns, and would take it subject to the valid terms of the will and the powers given the plaintiff as executor and trustee. Whitmore v. Smith, 94 Okla. 90, 221 P. 775; Markham v. Watterman (Kan.), above; Simes, § 719; Restatement, Property, § 166. And the sale under execution would no more cloud the title of the trustee than would a sale by the remainderman, nor would the purchaser be in any better position to interfere with the trustee in carrying out his powers and duties than would the remainderman or his grantee or devisee. The trustee would not, therefore, suffer irreparable injury or prejudice by the sale of the interest in the land so as to entitle him to injunctive relief.

3. The final question is whether the interest of George Steedman as cestui que trust in the trust estate—a chose in action as distinguished from his interest in the land—has been levied upon, and, if so, whether it can be sold under the execution. Appellant states that such interest has not been levied upon, while the appellees contend to the contrary. It will be observed that the return refers to the one-third beneficial interest of George Steedman in the "trust therein created". I believe this is in addition to his interest as remainderman in the land. The appellees contend that such an interest or chose in action is subject to levy under a general execution, and cite 60 O. S. 1941 §§ 146, 298, and 23 C. J. 343.

Section 146 has reference to the title of the beneficiary of a trust in land. The Corpus Juris citation, relied upon, has reference to a passive trust in land. These authorities are, therefore, not in point. Section 298 provides:

"The execution, in whole or in part, of any trust power, may be adjudged for the benefit of the creditors or assignees of any person entitled, as one of the beneficiaries of the trust, to compel its execution, when his interest is transferable."

This section does not have reference to a general execution. Rather, it has reference to a special proceeding in the court having jurisdiction of the trust estate that has for its purpose the execution or enforcement of the trust power in favor of creditors or assignees of a beneficiary when the interest of the beneficiary is transferable. Such a chose in action does not constitute "lands, tenements, goods and chattels" that may be levied upon under 12 O. S. 1941 §§ 733, 751, but the remedy of the creditors of the beneficiary is by a special proceeding in the court that has jurisdiction over the trust estate under authority of section 298, above, and under authority of 12 O. S. 1941 § 841. See Melish Consol. Placer Oil Mining Ass'n in Red River v. Burk-Senator Oil Co., 163 Okla. 20, 20 P. 2d 879.

For the foregoing reasons, I dissent insofar as the majority holds that the interest of the three children in the land is not subject to sale on execution, and I agree that the interest in the trust estate as such (a chose in action) is not subject to sale on execution.