## Plumlee v. Bounds.

### Opinion delivered April 26, 1915.

1. REAL PROPERTY—CONTINGENT REMAINDER.—P. deeded lands to L. for and during her natural life, and the remainder to the heirs of her body; *held*, L. took a life estate in the lands, during her life, and that plaintiffs, who were her children, had only a contingent remainder therein.

2. REAL PROPERTY—CONTINGENT REMAINDER—SALE OF, UNDER EXECUTION. —When plaintiffs held a contingent remainder in certain lands during the life of the life tenant, such interest was not subject to sale under execution, and an attempt to make such a sale would not constitute a cloud upon plaintiff's title.

Appeal from Monroe Circuit Court; *Thomas C. Trimble*, Judge; affirmed.

#### STATEMENT BY THE COURT.

On the 6th day of November, 1914, R. A. Plumlee and J. H. Plumlee, Jr., instituted this action in the circuit court against T. D. Bounds, H. C. Harris, H. E. Hearon, J. B. May and John S. Black, doing business under the firm name of May & Black, to set aside a sale of certain lands under execution. The plaintiffs allege a state of facts substantially as follows:

J. B. May and John S. Black, partners as May & Black, recovered a judgment in the circuit court against R. A. Plumlee, J. H. Plumlee, Jr., T. D. Bounds and H. C. Hearon. An execution was issued and judgment levied on certain lands in Monroe County, Arkansas. The land was sold under the execution to T. D. Bounds, he being the highest bidder.

The lands were originally owned by Dedrick Pike, and on the 24th day of October, 1871, he executed a deed conveying the lands to his daughter, Lucinda Pike, for and during her natural life and the remainder to the heirs of the body of the said Lucinda Pike. Lucinda Pike married J. H. Plumlee, and by him she had five sons who are now living, two of whom are the plaintiffs in this case. Lucinda Plumlee, the life tenant, was also alive at the time of the institution of this action.

A copy of Dedrick Pike's deed is made an exhibit to the complaint. The court held that the plaintiff should take nothing and that the defendants should recover their costs. Judgment was rendered dismissing the complaint of the plaintiff. Plaintiffs have appealed.

*S. S. Jefferies,* for appellants.

The interest owned by the appellants, as appears by the record, is that of a contingent remainderman. 44 Ark. 458; 95 Ark. 18.

By the weight of authority a contingent remainder can not be sold under execution. *Supra;* 1 Black on Judgments, § 428; 17 Cyc. 952; 1 Ballard, Law of Real Property, § 224; 9 Lea 34.

*Thomas & Lee,* for appellees.

Under the deed from Pike to his daughter, who afterward married Plumlee, it is clear that these appellants are remaindermen. Kirby's Dig., § 736.

The general rule is that all property not expressly exempted by statute is subject to sale under execution for the payment of debts; and by the provisions of the sixth subdivision of section 3228, Kirby's Digest, the interest

of appellants, though that of contingent remaindermen, was subject to sale under execution. 6 Thompson on Corp., § 7847; 2 Freeman on Executions, § 172; 7 Am. & Eng. Enc. of L., 127; 22 Am. Dec. 248; 17 Cyc. 951; *Id.* 950; 79 Ark. 547; 105 Ark. 587; 22 S. W. 332; 125 Mass. 356; 189 Mass. 34; 200 Mass. 498; 1 Pearson (Pa.) 145; 102 Va. 631, 47 S. E. 871; 13 Ark. 74.

HART, J., (after stating the facts). (1) It is conceded by counsel for the plaintiffs that under the rule announced in the cases of *Horsley* v. *Hilburn,* 44 Ark. 458, and *Watson* v. *Wolff-Goldman Realty Co.,* 95 Ark. 18, that Lucinda Plumlee had a life estate in the lands in question and that plaintiffs only had a contingent remainder therein.

It is contended by counsel for the defendant that under the sixth subdivision of section 3228 of Kirby's Digest a contingent remainder can be sold under execution.

In 17 Cyc. 951-2, is said that the doctrine is well established that a vested remainder is subject to sale under execution but that the authorities are divided on the question of whether a contingent interest, such as a contingent remainder, is liable to be sold under execution.

In some of the States, under statutes similar to our own, it is held that all interest in real estate, whether it be regarded as vested or contingent, is subject to sale under execution. In other States, under similar statutes, it has been held that a contingent interest in land can not be sold under execution. The reason given is that such a policy would encourage gambling and speculation and that the purchasers at such sales would not put a high estimate on the possibility of the defendant in execution afterward acquiring any interest in the land and that the danger of sacrifice is a strong reason for not subjecting contingent interests to sale under execution. This court has already taken a position on the question.

In the case of *Horsley* v. *Hilburn, supra,* F. M. Hilburn, guardian of certain minors, who owned a contingent interest in land, procured an order for their sale during

the lifetime of the wards' mother, who owned the life interest in the land. The court held that minors had no interest during the lifetime of the life tenant that could be sold with or without the consent of the donor. Mr. Justice EAKIN, who delivered the opinion of the court, in reference thereto, said:

"For like reason there was nothing in the ward of F. M. Hilburn which could be sold under order of the probate court during the lifetime of the mother. There was no error in permitting the proof to be made, by parol, of the loss of the records, and of the proceedings which had been taken. The sale passed all that the wards had in the land that was salable, and which the probate court could authorize to be sold, but that was nothing. Nor was the sale effective to carry subsequently acquired title. Section 642 of Mansfield's Digest upon this point, applied only to voluntary sales by the persons to be bound. It is to the effect that 'if any person shall convey,' etc., having no title at the time, and shall afterward acquire title, legal or equitable, it shall pass to the grantee."

(2) The principles there announced are conclusive of the present case. Lucinda Plumlee, the owner of the life estate, being still alive, the plaintiffs had nothing which could be sold under execution. The sale amounted to nothing and did not even constitute a cloud upon the plaintiffs' title.

It follows that the court was right in dismissing the complaint of the plaintiffs, and the judgment will be affirmed.