GRIMES et al. v. FOTIADES.

No. 30900. April 6, 1943.

*136 P. 2d 197.*

Donald L. Brown, of Tulsa, for plaintiffs in error.

Doerner, Rinehart & Stuart and Jack L. Langford, all of Tulsa, for defendant in error.

CORN, C. J. The suit was instituted by plaintiffs on October 28, 1941, against defendant, for the recovery of $914.83, with interest at 6 per cent from January 15, 1941, and $250 attorney's fees and costs, grounded upon

an alleged breach of warranty contained in a mineral deed from the defendant to the plaintiffs.

Before the institution of this suit the same plaintiffs had sued the same defendant, together with the First National Bank & Trust Company of Tulsa, stakeholder, in cause No. 26092 in the court of common pleas of Tulsa county, Okla., wherein said plaintiffs attempted to recover the sum of $1,000 held by the stakeholder, and in the course of the litigation paid in to the court clerk. That cause was tried in the court of common pleas of Tulsa county, Okla., and verdict and judgment for the $1,000 given to the defendant, Harry Fotiades. The interlocutory judgment upon the verdict was entered on September 25, 1941. The defendant, Harry Fotiades, a nonresident of the State of Oklahoma and a resident of New Orleans, La., appeared in the court of common pleas of Tulsa county, Okla., and litigated the matter involved.

Thereafter, on October 28, 1941, and before the $1,000 could be removed by Fotiades from the control of the clerk of the court of common pleas of Tulsa county, Okla., the present suit was instituted. Plaintiffs, on the same date, October 28, 1941, filed garnishment affidavit seeking garnishment process against Edward F. Jones, clerk of the court of common pleas of Tulsa county, Okla. The garnishment summons was served upon the said clerk on the same day. The answer day therein was fixed as November 22, 1941.

On November 14, 1941, the said clerk of the court of common pleas filed his answer wherein he stated, among other things, "That no order of court has been issued directing affiant to pay said sum of $1,000 to anyone, and affiant has no knowledge as to whether or not the said $1,000 is the property of Harry Fotiades." He also stated:

"That affiant expects to hold said sum of money, and not to pay it to anyone except on a valid and lawful order of court, and that said sum of money is held by affiant as court clerk in his official capacity, and that said money is not subject to garnishment for the reason that the funds in the hands of a court clerk deposited under order of court are not subject to garnishment, and in no event is a court clerk subject to garnishment for funds held by him as court clerk."

That plaintiffs also issued certain garnishments against the Toronto Pipe Line Company, a corporation, but all questions with regard to these are waived.

On December 2, 1941, plaintiffs filed their affidavit to obtain service by publication, the defendant being a nonresident of the State of Oklahoma. The first publication was made on December 4, 1941; the second on December 11, 1941; the third on December 18, 1941; and a fourth on December 25, 1941. Thereafter the defendant, Harry Fotiades, filed his special appearance and motion to quash. On March 7, 1942, the trial court sustained the defendant's special appearance and motion to quash.

The plaintiffs urge only one ground for reversal of the order of the trial court, to wit: That the judgment of the court in cause No. 26092 having been entered in favor of the defendant, Harry Fotiades, the money ceased to be in custodia legis, and so was subject to garnishment in the hands of the clerk of the court of common pleas of Tulsa county, Okla.; that as a result, the garnishment summons issued and served on October 28, 1941, upon the said clerk was valid and effected a lien upon the $1,000 then in his control so as to sustain in rem jurisdiction against the nonresident defendant.

Title 12, O. S. A. § 1186, is in part as follows:

"No judgment shall be rendered upon a liability of the garnishee arising: . . .

"Second. By reason of any money or other thing received or collected by him as sheriff or other officer, by force of an execution or other legal process in favor of the defendant.

"Third. By reason of any money in his hands as a public officer, and for which he is accountable to the defendant merely as such officer."

The above statute was adopted from Kansas and appeared as section 4297, General Statutes of Kansas 1889. It was carried into the Revised Laws of 1910 as section 4836. In the case of Clark v. Board of Com'rs of Osage County (1916) 62 Okla. 7, 161 P. 791, the court considered an equitable garnishment against Osage county upon indebtedness which it was alleged to owe to a public building contractor. In the body of the opinion the court said:

"Practically every appellate court of the country, which has passed upon the question, has held that, in the absence of a statute specifically conferring the right of garnishment against a county, garnishment does not run against a county."

This rule is as applicable to "public officers" as it is to the county itself. In 4 Am. Jur., "Attachment and Garnishment," § 142, p. 641, it is said:

"The general rule is that government officers and agents cannot be summoned as garnishees in their official capacities."

In 28 C. J., "Garnishment," p. 60, § 74, is the following:

"And also, aside from the question of the exemption of his principal, it is quite generally held that public policy demands the exemption of an officer so far as he holds the funds sought to be reached in an official capacity."

In the Clark Case the court, after pointing out the unanimity of the rule, said:

"In addition to the above, our statute (section 4836, Revised Laws of 1910) provides:

" '4836. Garnishee not Liable for What. No judgment shall be rendered upon a liability of the garnishee arising: . . . Third. By reason of any money in his hands as a public officer, or for which he is accountable to the defendant merely as such officer.' "

The same question as here involved has been before the Supreme Court of Kansas, from which state our 12 O. S. A. § 1186 was adopted and wherein it still appears. In the case of H. & M. Tire Service Co. v. Combs (1934), 140 Kan. 35, 34 P. 2d 943, money was paid into court by the insurance company covering an automobile destroyed by fire, there being a dispute over its ownership between a divorced husband and wife. Judgment for the wife ordered the money paid by the clerk to her. On the same day the H. & M. Tire Service Company sued the wife and issued garnishment summons which was served the following day on the clerk. Before said service an assignment of the money was served on the clerk; and thereafter the judgment was vacated and later entered directing payment of the money to the assignee. The court held that the assignment having been served before the garnishment summons was prior, but in addition thereto the court said:

"Although not urged by the appellee, for another very sufficient reason, the court's conclusion was correct. Rev. St. 60 - 955 recites: 'No judgment shall be rendered upon a liability of the garnishee arising either: . . . Third. By reason of any money in his hands as a public officer, and for which he is accountable to the defendant merely as such officer.' "

In the syllabus 2 by the court the rule was announced:

"Under Rev. St. 60 - 955, moneys in the hands of the clerk of the district court, and for which he is accountable to the defendant merely as such officer, are not subject to garnishment."

Judgment affirmed.

GIBSON, V. C. J., and RILEY, OSBORN, BAYLESS, HURST, DAVISON, and ARNOLD, JJ., concur. WELCH, J., absent.