RUCKS-BRANDT CONSTRUCTION CORP. et al. v. SILVER.

No. 31029. May 16, 1944.

Rehearing Denied Sept. 12, 1944.

*151 P. 2d 399.*

Roy V. Lewis and Marvin T. Johnson, both of Tulsa, for plaintiffs in error.

J. M. Bicking, of Tulsa, and L. N. Houston, A. L. Emery, and C. B. McCrory, all of Okmulgee, for defendant in error.

ARNOLD, J. This action was commenced on December 12, 1934, by C. C. Silver. He was afterwards declared incompetent and is represented herein by guardian ad litem, C. R. Nixon. We will refer to C. C. Silver as plaintiff.

The suit was brought jointly against the Rucks-Brandt Construction Company, Rucks-Brandt Construction Corporation, B. F. Rucks, William M. Thompson, and R. Brandt. Thompson was eliminated as a party. The action is in the nature of a creditor's bill. At the conclusion of the trial by the court on April 21, 1941, judgment was entered for the plaintiff against the defendants jointly for $4,439.78, provoking appeal by the Rucks-Brandt Construction Corporation, R. Brandt, and B. F. Rucks. The plaintiff has cross-appealed.

The record discloses that on December 30, 1931, the State Industrial Commission entered an award in favor of plaintiff and against the Rucks-Brandt Construction Company and its insurance carrier, the Southern Surety Company, for $9,000 for permanent total disability occasioned by an injury sustained while he was engaged in a hazardous employment as defined by the Workmen's Compensation Law; 85 O. S. 1941 § 1, et seq. On the 2nd day of May, 1932, the secretary of the State Industrial Commission advised the Rucks-Brandt Construction Company that it would be necessary for it to make payment of the award since the Southern Surety Company had failed or that it would be necessary to have the award filed in the court clerk's office and execution issued thereon.

On May 10, 1932, Rucks-Brandt Construction Company executed a chattel mortgage for $10,000 to the First National Bank & Trust Company of Tulsa, Okla. On May 17, 1932, the award was certified to the district court of Tulsa county. On the same day an affidavit for garnishment was filed by the plaintiff, and on said date an order in garnishment was issued to the city of Tulsa to reach certain funds owed by the city of Tulsa to the Rucks-Brandt Construction Company. However, this order was not served on the city. On the same day the Rucks-Brandt Construction Company obtained a district court order enjoining the sheriff from levying execution on the award. On May 18th the application for injunction was filed in the office of the court clerk. On May 18th the Rucks-Brandt Construction Corporation received a warrant in the sum of $7,904.30 from the city of Tulsa as payment on a contract for the construction of a bridge over the Arkansas river near the city of Tulsa. On the same day this warrant was deposited in the Fourth National Bank of Tulsa, Okla., in the name of "R. B. Company." Thereafter the Rucks-Brandt Construction Corporation was perfected, and on May 25, 1932, authorized to do business in Oklahoma. The officers of the new corporation were William M. Thompson, R. Brandt, and B. F. Rucks. These are the same officers as the officers and directors of the Rucks-Brandt Construction Company. On the same date the defendant assigned its contract with the city of Tulsa to the new corporation, and it is apparent that all its property was also assigned to the new company. Between June 8 and October 6, 1932, the city of Tulsa paid to the Rucks-Brandt Construction Corporation on the contract made by it with the Rucks-Brandt Construction Company for the construction

326

of the Arkansas river bridge the total sum of $68,870.16.

On June 7, 1932, the injunction obtained by the Rucks-Brandt Construction Company was dissolved. On June 15th the Rucks-Brandt Construction Company filed a second injunction suit against the plaintiff and the sheriff of Tulsa county. On September 23rd the Rucks-Brandt Construction Company filed its appeal in the Supreme Court from the order and judgment of the district court of Tulsa county dissolving the injunction issued June 15th. On July 18, 1933, this court affirmed the judgment dissolving the injunction and entered judgment for the defendant, who is the plaintiff in the action now before us. See Rucks-Brandt Construction Co. v. Price, 165 Okla. 178, 23 P. 2d 690. On May 5, 1934, the United States Supreme Court denied certiorari in that case. 291 U. S. 679, 54 S. Ct. 526, 78 L. Ed. 1067. The record discloses that out of the funds received from all of the transactions above referred to the defendants R. Brandt and B. F. Rucks received together the sum of $10,428.56.

The above facts were alleged in the amended petition which was filed on order of court and the cause was tried upon the allegations on the theory that the action constituted a creditor's bill.

Plaintiff contends here, as alleged by him in his petition, that the transfer of the funds and property of the defendant company left it wholly without funds and property with which to pay the plaintiff, and that the procurement of the injunction and the formation of the corporation were all done in furtherance of a fraudulent design and scheme by the defendants to defeat the payment of the award made by the State Industrial Commission, and that he is entitled to a judgment against the corporation for the amount of the award, together with interest thereon, less proper credits for payments theretofore made by the insurance carrier and against the defendants Rucks and Brandt for a sum equivalent to the funds and property so received by them.

The defendants argue three general propositions. They first assert that this is an action based on fraud and is, therefore, barred by the two-year statute of limitation. 12 O. S. 1941 § 95, subd. 3. Next they say this action is one against the officers and directors of a corporation and cannot be maintained until there is a dissolution of Rucks-Brandt Construction Company. Their third proposition is based on the amount of the judgment and will be discussed in connection with the allegations in the cross-petition in error.

In reality this is an action to have the Rucks-Brandt Construction Corporation adjudged to be the same entity as its predecessor and assignor, Rucks-Brandt Construction Company, and to trace and apply upon plaintiff's award funds and property which were assigned and transferred to the other defendants, Rucks and Brandt, by the defendant debtor company. It is apparent from the record that all the funds and property belonging to the debtor company were transferred to the successor corporation upon its creation with the intent to defraud, delay, and defeat the plaintiff, though there might have been other incidental reasons for the creation of the corporation. Such transfers were void and the individual defendants had full knowledge of the purposes for which such transfers were made, and are, under all the circumstances maintaining, liable to this plaintiff to the extent of the funds and property received by them from the corporation. 24 O. S. 1941 §§ 5, 6, 7, 8.

By the provisions of 12 O. S. 1941 § 841, a judgment creditor is afforded equitable relief by an action to reach money, contract, claims or choses in action due or to become due the judgment debtor where execution has been issued and returned "no property found." In Miller v. Melone, 11 Okla. 241, 67 P. 479, we held that a petition alleging a valid judgment and fraudulent transfer of property by the judgment debtor was a creditor's bill and ancillary.

85 O. S. 1941 § 42 provides for the

filing of an award by the State Industrial Commission in the office of the court clerk of any county in the state and the law relating to judgments of district courts is adopted and made applicable thereto. See Hickman v. Gumerson, 190 Okla. 514, 125 P. 2d 765. In Hawkins v. Bryan, 128 Okla. 27, 261 P. 167, we approved a proceeding similar to the one at bar involving an award made by the State Industrial Commission. To the same general effect, see Interurban Construction Co. v. Central State Bank, 76 Okla. 281, 184 P. 905.

As hereinbefore indicated, this is a civil action in the nature of a creditor's bill. It is unquestionably founded upon fraud. This being true, such action comes within the purview of 12 O. S. 1941 § 95, subd. 3, and must have been brought within two years from the date the cause of action accrued or such fraud was discovered, or could have been discovered by the exercise of reasonable diligence, unless for some reason the statute was tolled. See Paxton v. Hyer et al., 184 Okla. 407, 87 P. 2d 938; W. T. Rawleigh Co. v. Groseclose, 174 Okla. 193, 49 P. 2d 1085. This action was not brought within two years from the time the cause of action accrued; however, the plaintiff takes the position that he was restrained from attempting to enforce said award by execution out of the district court of Tulsa county or otherwise; that although the issues were determined in his favor in the injunction suit, the defendant company appealed said action to this court, filed a supersedeas bond, and he was thereby prevented from proceeding to enforce his award pending the determination of the matter by us; that the judgment in his favor dissolving the injunction was affirmed by us on July 18, 1933; that the statute of limitation was tolled during the period that action was pending, and therefore this action was brought within time. As disclosed by the record herein, the plaintiff in this action and the sheriff of Tulsa county were restrained in that case from proceeding with the enforcement of the judgment in any manner. After hearing, the trial court entered judgment denying injunction, but stayed execution for a stated time for the purpose of enabling the plaintiff to file supersedeas in the Supreme Court if permitted to do so. The company filed a bond in this court in that case in the amount of $10,000.

The obvious purpose of this action was the enforcement of the plaintiff's award. The evident purpose of the injunction action was to prevent the plaintiff herein from even attempting to enforce it. Had the plaintiff attempted to proceed, pending the final determination of that action, he no doubt would have been met by the contention that the restraining order therein was effectual by reason of the appeal and supersedeas bond filed. We conclude that the time from date of filing of the injunction suit to date of its final determination should be excluded from the period of limitation. The injunction action was commenced June 15, 1932. It was concluded in this court on July 18, 1933. The petition for a writ of certiorari was denied by the Supreme Court of the United States in March, 1934. This action was filed in December, 1934, and service of summons was had on January 8, 1935. The fraudulent transactions and transfers transpired in May, 1932. Excluding the period from time of filing to the time of the final determination of that action, this action was brought within the time prescribed by subdivision 3 of section 95, supra.

It is also argued that the evidence is insufficient to sustain the judgment, which, in effect, finds that the defendant company, judgment debtor, was insolvent, and that the other defendants are the holders of funds and property in trust, and that in equity they are bound to disgorge same and pay same upon the judgment of the plaintiff. With this contention we cannot agree. In view of the execution of the mortgage to the First National Bank & Trust Company of Tulsa on May 10, 1932, and the transfer of the property and assignment of the bridge contract with the city of Tulsa to the defendant corporation and the testimony of plaintiff that he made diligent search, and in view of the further

328

fact that the executions issued were returned "no property found," we are convinced that the evidence fairly and reasonably sustains the finding that the judgment debtor became insolvent after entry of the award on the judgment docket of Tulsa county, and that the defendants, and each of them, made every effort to prevent the payment thereof, and that it was the design and purpose of the defendants to defeat the payment of the award.

The contention of the defendants that this action could not be maintained against the individual defendants until the defendant company, against which the award was rendered, was dissolved is untenable. They base their contention in this respect upon the provisions of and our holdings under 18 O. S. 1941 § 106. It will be observed that this section relates to the liability of the directors of a corporation to the creditors thereof where dividends are paid or debts created beyond the prescribed capital stock. The cases cited by the defendants in support of this contention are therefore not applicable to the case at bar.

Finally we consider the alleged error in the amount of the judgment. Defendants assert that when the award for $9,000, payable at the rate of $18 per week, was made, there was accrued thereon $1,158, which was made payable in a lump sum; that when the execution order was issued there was then due $1,506 plus $900 attorney fees, or a total of $2,406; that under the rule announced in Metropolitan Life Insurance Co. v. Richter, 182 Okla. 446, 78 P. 2d 307, the court erred in entering judgment for any amount in excess of $2,406. It is the contention of the plaintiff in his cross-petition in error that the court erred in limiting him to the amount of the award due at the time of trial, towit, $4,439.78. We agree with this latter contention. The commission made a finding of default in the payment of the award and entered its order directing the filing of the award with the court clerk of Tulsa county, and this was done as hereinbefore related. By operation

of law thereupon the full amount of the award became due. See 85 O. S. 1941 §§ 41-42.

The defendant Rucks-Brandt Construction Corporation was found by the trial court to be identical with the Rucks-Brandt Construction Company. The award therefore is a judgment against the Rucks-Brandt Construction Corporation, and this finding of the trial court is amply sustained by the evidence. Both of these corporations no longer exist except upon the files and books of the Secretary of State. The testimony is uncontested that neither of these corporations is now doing business and both are defunct. This leaves for consideration the judgment of $4,439.78 entered against the officers and directors of Rucks-Brandt Construction Corporation, R. Brandt, and B. F. Rucks.

The record discloses that these two directors received together the sum of $10,428.56 from the Rucks-Brandt Construction Corporation. The record further shows the amount received by each, so on the theory that this is a creditor's bill, judgment could only be entered against each to the extent of the amount received individually.

The plaintiff prayed in his petition for attorney's fees. The record does not disclose that any disposition was made of such request by the trial judge. On appeal plaintiff's attorney asks us to fix the amount of his fees to be recovered by him out of the judgment in favor of his client. No error is predicated here on any adverse action of the trial court in respect to any claim for attorney's fees. It is unnecessary for us to pass upon the question for the reason that this matter may be presented to the trial court.

Judgment should be entered against Rucks and Brandt individually for the amount received by them from the company, together with interest and costs, but not in excess of the amount due on the award. The trial court is also directed to enter judgment against the Rucks-Brandt Construction Corporation for $9,000 and accrued interest, less

any payments made on the award, and enter judgment against Rucks and Brandt in accordance with the views herein expressed. The judgment in all other respects is affirmed.

GIBSON, V.C.J., and OSBORN, BAYLESS, HURST, and DAVISON, JJ., concur.