TREADWAY v. COLLINS et al.

No. 32488.   March 25, 1947.

*178 P. 2d 886.*

Phil K. Oldham and W. J. Crump, both of Muskogee, for plaintiff in error.

W. R. Banker, A. Camp Bonds, and Cecil E. Robertson, all of Muskogee, for defendants in error.

CORN, J. This is an appeal by Jack Treadway, who was plaintiff in the trial court, from a judgment of the district court of Muskogee county, decreeing that certain funds in the hands of the defendant Dodson, clerk of the city court of Muskogee, Okla., could not be reached by garnishment or by a bill in equity as substitute therefor, and that the same be paid to the defendant Collins.

Prior to December 30, 1944, defendant Marshall was charged in the city court with a criminal offense, and Collins posted a $500 cash appearance bond with the clerk of the city court, who issued the receipt therefor to Marshall.

January 15, 1945, plaintiff filed his verified petition which, as amended, alleged Marshall's indebtedness to plaintiff by reason of a judgment for $250

entered in the city court; that execution had been issued and returned unsatisfied; that Marshall had left the state and had no property within the state, other than the $500; that defendant Collins claimed some right or interest in said money; that plaintiff had been unable to reach said money by garnishment and had no adequate remedy at law.

Defendant Dodson filed separate answer asserting the money had been deposited with him as bond for Marshall's appearance; and asked the trial court to enter its order and judgment directing him to pay the money to the person entitled thereto.

Defendant Collins' answer alleged his right to the money in that the $500 put up as bond for Marshall was his own individual funds; and denied defendant Dodson's authority to tender into court the money he held as clerk of the city court.

The evidence showed Marshall appeared as required by law and so discharged the obligation of the bond. Plaintiff's evidence was directed toward showing that Marshall had sufficient funds of his own when the bond was made, and had furnished the money to make his own bond, and that the money did not belong to Collins.

Collins, in his own behalf, testified he furnished and physically paid over the amount required for the bond, and that it was his own money, although the receipt therefor was made out in Marshall's name. The evidence regarding the transaction was in sharp conflict.

After trial, and having taken the matter under advisement, the trial court entered the following findings and judgment, quoting only the pertinent portion thereof:

". . . The court, being sufficiently advised in the premises, finds, that although receipt therefor was taken in the name of Allen Marshall, the money in controversy herein ($500.00) was physically delivered by Matt Collins to J. S. Dodson as Clerk of the City Court of Muskogee, Oklahoma, for the appearance of Allen Marshall to answer a criminal charge in said court; that while said money was physically delivered by said Collins to said Clerk, same was either the money of said Allen Marshall or said Collins was immediately thereafter reimbursed for said money by Allen Marshall . . . in either of which event the money in controversy was or became the money of said Marshall.

"The Court further holds, however, as a matter of law, that said money being deposited in court was exempt from legal process by Jack Treadway as judgment creditor of Allen Marshall and that it is the duty of the Clerk of said court to return said money to the person (Matt Collins) from whom he physically received the same, and that the plaintiff, Jack Treadway, cannot maintain this action or reach said money in the hands of the court or the officers thereof by garnishment or by bill in equity as substitute thereof.

"It is therefore ordered and adjudged that the plaintiff take nothing by this action, and that J. S. Dodson as Clerk of said City Court returns said money to said Matt Collins. . . ."

The plaintiff contends the action was properly brought and will lie under the provisions of 12 O. S. 1941 § 841, which provides as follows:

"When a judgment debtor has not personal or real property, subject to levy on execution, sufficient to satisfy the judgment any equitable interest which . . . , he may have in the possession of any person, body politic or corporate, shall be subject to the payment of such judgment, by action, or as hereinafter prescribed."

It is defendant's theory that the matter before us in analogous to the situation in Grimes et al. v. Fotiades, 192 Okla. 316, 136 P. 2d 197, wherein we held that money in the hands of the court clerk was not subject to garnishment. Without extended discussion we deem it sufficient to point out that in the Fotiades Case the action was brought under our statutes (12 O. S. 1941 § 1151 et seq.) providing for garnishment, and

we specifically pointed out in that case that such funds were exempt from garnishment.

A very different situation is presented herein. Plaintiff's action was a suit in equity in the nature of a creditor's bill. Section 841, supra, expressly provides for the bringing of such an action. While many courts hold that money paid into court cannot be reached by a creditor's bill, this is not an absolute rule, but is founded on convenience and is subject to exceptions. See 15 C. J. § 77, @ p. 1404. While some courts commonly adhere to this rule, it is also held that where the public interest is no longer to be served, then no reason exists for withholding funds from such proceedings.

It is a general view, when the question is left open by statute, that on principle a public corporation is exempt from liability of this character as respects its revenues and the salaries of its own officers, but where there is a debt due to third persons, mere inconvenience is not sufficient reason for withdrawing it from the reach of the remedies the law gives to creditors of natural persons and private corporations. Dillon on Municipal Corporations, § 101 et seq.

Heretofore we considered a somewhat similar matter in Rucks-Brandt Const. Corp. et al. v. Silver, 194 Okla. 324, 151 P. 2d 399. Therein we held, under 12 O. S. 1941 § 841, that a judgment creditor may proceed against any interest under a contract, claim or chose in action due or to become due the judgment debtor. See, also, Johnson, Adm'r, v. Byars State Bank, 141 Okla. 277, 284 P. 862, holding that money in the hands of an administrator, and not subject to garnishment, may be reached by a creditor's bill

The trial court erred in decreeing that the money in the hands of the clerk of the city court could not be reached by an action in equity.

Under 12 O. S. 1941 § 236, the trial court determined the rights of the parties then before him, but failed to order the defendant Marshall brought in. Before the court could adjudicate any matters between the plaintiff and Marshall it would be necessary to have him properly before the court. We are of the opinion the trial court erred as a matter of law, by holding that the funds could not be reached by a creditor's bill, and that the defendant Collins should receive the money, after the court had found him to have no right, title or interest therein.

The judgment is reversed and the cause remanded, with directions to proceed in a manner not inconsistent with the views herein expressed.