**MID–AMERICA CORPORATION, a corporation, Plaintiff in Error,**

v.

**Alex GEISMAR, Trustee of the Testamentary Trust of J. E. Young, deceased, Defendant in Error.**

No. 39845.

Supreme Court of Oklahoma.

March 19, 1963.

Shirk, Withington & Work, by William J. Robinson, Oklahoma City, for plaintiff in error.

Sparks & Boatman, Woodward, for defendant in error.

BERRY, Justice.

In September, 1938, J. E. Young, hereafter referred to as "testator", died testate in Woodward County, Oklahoma.

In so far as material, testator provided in his will that after the payment of his debts. and certain small bequests, his estate should be held in trust during the lifetime of one of his granddaughters, Ruby M. Young;. that the trustee should pay to her a minimum of $150.00 a month and so much more of the estate as was necessary for her care and support; that upon Miss Young's death, one half of the remaining estate should vest in testator's son, John Young,. and one-fourth should vest in each of two named grandchildren, one of whom is John Edward Young, Jr., hereafter referred to as "debtor".

The will was admitted to probate in the County Court of Woodward County. A final decree was entered in the probate proceeding in 1940. It was provided in the decree that the trustee should pay Miss. Young $150.00 each month "during the balance of her natural life, and shall pay a greater amount, and whatever amount may be required, in case illness or other circumstances or condition may require the payment of such greater amount in order to maintain (Miss Young) in complete comfort, including a comfortable home, food, clothing, nursing and medical attention." Miss Young has long been an invalid.

On March 17, 1960, plaintiff in error, hereafter referred to as "plaintiff", recovered a judgment against debtor in the District Court of Oklahoma County, Oklahoma,. in the principal amount of $4,500.00, together with interest at 6% per annum from date of judgment. Plaintiff caused a certi-

fied copy of said judgment to be filed in the office of the Court Clerk of Woodward County. An execution which plaintiff caused to be issued on the judgment was by the Sheriff of Woodward County returned "no property found". Plaintiff subsequently instituted the instant action.

In the pleading upon which this action was tried, plaintiff alleged in substance that the judgment so obtained in Oklahoma County was final and wholly unsatisfied; that debtor had no property other than his interest in his grandfather's estate; that plaintiff had no adequate remedy at law; that it was entitled to judgment against defendant in error, hereafter referred to as "trustee"; and "judgment providing that the equitable interest of (debtor) in the Testamentary Trust * * *, be discovered to the end that same might be applied in satisfaction of plaintiff's judgment."

In so far as material, trustee alleged in his answer that during Miss Young's lifetime debtor had no interest in the trust estate that was subject to execution or which could be reached by a creditor's bill; that to permit plaintiff to recover would be "inequitable and unjust" and would serve to defeat the trust which provided that all property therein was subject to the care and support of Miss Young; that plaintiff had an adequate remedy at law in that the major portion of the assets of the trust consisted of real property and that the docketing of the judgment in a county in which such real estate lay served to create a lien in plaintiff's favor on debtor's contingent interest in such property; that under the provisions of 60 O.S.1961 § 175.25 the debtor's interest in the trust was not alienable or subject to execution. Plaintiff's reply to the answer consisted of a general denial.

Following trial of case to the court, the court found and held for trustee. The basis of the judgment as reflected by trial judge's statements and the formal judgment was that no part of the trust estate could be used to satisfy the judgment; that expenditures for the care and support of Miss Young may consume the entire trust estate,

in which event nothing would pass to debtor or the other remaindermen; that this served to make debtor's interest of a highly speculative and nominal value; that little or nothing would be recovered upon a sale of debtor's interest; that plaintiff had or could impress a lien upon debtor's interest by docketing the judgment in counties in which real estate, forming a portion of the corpus of the estate, lay; that for said reasons debtor's interest should not be sold.

From order denying plaintiff's motion for new trial which was directed to the judgment, plaintiff perfected this appeal.

Plaintiff contends, citing Hurst v. American State Bank et al., 295 Ill.App. 625, 25 N.E.2d 85, and Arzbacher v. Mayer, 53 Wis. 380, 10 N.W. 440, that where property is held in trust for the life of a person (Miss Young), with the remainder to pass to others upon the death of such person, the interest of the remaindermen may be reached by a creditor's bill; that judgment should have been rendered in its favor establishing the Oklahoma County judgment "as a prior and superior lien against the interest of the judgment debtor pursuant to 12 Okla.Stats. 1951, Section 841, et seq., and ordering the foreclosure of said lien and the sale of said interest, should have been rendered." Trustee counters the contention so made by plaintiff.

The evidence shows that value of the assets of the estate at the time the final decree was entered probably exceeded $100,000.00; that the income therefrom has been sufficient to defray expense of care and support of Miss Young; that such care and support has varied from $1,887.37 to $7,102.26 a year; that Miss Young's age as of 1961 was 42; that her health is such that the entire trust estate may be consumed in caring for her; that the value of real property in the estate is probably in excess of $80,000.00.

Plaintiff argues that debtor's interest in the trust estate is vested; that debtor is privileged to transfer his interest; that the interest under the provisions of 60 O.S.1961

§ 298, is therefore subject to sale upon execution.

■ While we are of the opinion that under the facts debtor can properly be classified as a "vested remainderman" and not a "contingent remainderman"; that as such it is his privilege to transfer his interest and that as an academic proposition the interest can be reached by a creditor's bill; our opinion in said respects does not, however, lead us to conclude that the trial court erred in denying plaintiff the relief that it requested. This is a case of equitable cognizance. Treadway v. Collins et al., 198 Okl. 372, 178 P.2d 886, and 14 Am. Jur. "Creditor's Bills", Sec. 3, p. 680. At p. 328, § 10, 30 C.J.S. Equity, it is said that "the granting of equitable relief is ordinarily a matter of grace, and whether a court of equity will exercise its jurisdiction, and the propriety of affording equitable relief, rests in the sound discretion of the court, to be exercised according to the circumstances and exigencies of each particular case." In Eccles et al. v. Peoples Bank of Lakewood Village, Cal., 333 U.S. 426, 431, 68 S.Ct. 641, 644, 92 L.Ed. 784, this was said:

"* * * It is always the duty of a court of equity to strike a proper balance between the needs of the plaintiff and the consequences of giving the desired relief. * * *"

In Adams v. Dugan, Sheriff, et al., 196 Okl. 156, 163 P.2d 227, 230, it was said in the body of the opinion that:

"[2] The great weight of authority is to the effect that such contingent interest is not subject to levy and sale under execution.

"In discussing the rule in 23 C.J., pages 335 and 336, the notes to the text state one of the sound reasons for the rule as follows: 'The reason given is that such a policy would encourage gambling and speculation and that the purchasers at such sales would not put a high estimate on the possibility of the defendant in execution afterward acquiring any interest in the land and that the danger of sacrifice is a strong reason for not subjecting contingent interests to sale under execution. Plumlee v. Bounds, 118 Ark. 274, 176 S.W. 140. To same effect Kenwood Trust, etc., Bank v. Palmer, 209 Ill.App. 370.' "

In an effort to distinguish the last cited case, plaintiff asserts that the court there "held that the interest of Steedman, the judgment debtor therein vested only if he was living at the termination of the trust estate and was, therefore, contingent. It was for this reason, that is, because his interest was a mere remote possibility, that the value of it was uncertain."

In our opinion, the general equitable principles heretofore referred to and the rule announced in the quotation from Adams v. Dugan, supra, are applicable to cases where as here the interest of the remainderman is vested but time of its vesting is contingent. For other authorities see cases cited in footnotes to Sec. 736, p. 188, Vol. 3, Simes "Law of Future Interests". In the cited section this is pointed out:

"* * * On the other hand, it may be said that future interests are often of uncertain value, and that, if there is a forced sale, the price will be small. The debt will not be satisfied. Yet the debtor will be deprived of his chance to profit by a subsequent vesting of the interest. The only gainer in such situation would seem to be the purchaser at the forced sale. Thus it has been argued that, while it may be proper to permit a voluntary sale of a future interest, since the self-interest of the owner will prevent him from selling unless a fair price is secured, it seems unduly harsh to allow a creditor to compel a sale at a price which may be far below the value subsequently realized when contingencies are resolved. * * *"

■ We recognize and hold that a sale of debtor's remainder would be impractical or improvident due to its speculative and uncertain value and are of the opinion that

the trial court in this regard did not abuse its discretion.

Plaintiff relies upon 12 O.S.1961 §§ 841 and 852 providing that equitable or other interests may be used to enforce a judgment, and urges that plaintiff, as minimum relief, is entitled to a judgment impressing debtor's remainderman interest with a lien. With this contention we agree. We are of the opinion that there was error in the court's failure to lend its equitable powers to protect the plaintiff by decreeing a lien upon the debtor's interest in and to the trust.

We therefore hold that the judgment of the trial court should declare and impress a lien upon debtor's remainderman interest in the trust; provided, however, that the lien so impressed may not be enforced during the life of Ruby M. Young.

For reasons stated, we are reversing in part the judgment of the trial court with directions to enter judgment in accordance with the views herein stated.

Reversed with directions.