BALDOCK, Circuit Judge.
 

 Plaintiff-appellant Johnnie L. Phelps appeals from a district court judgment granting defendant-appellee Fina Oil & Chemical Company’s motion for summary judgment and denying Phelps’ motion for summary judgment. We have jurisdiction pursuant to 28 U.S.C. § 1291. The issue is whether the district court correctly concluded that Phelps failed to offer sufficient evidence in support of his creditor’s bill action against Fina. We reverse and remand.
 

 Phelps, David Brunson, and Warren Montgomery formed Paragon Energy, Ltd., to engage in the oil business. Paragon’s main asset was a group of oil leases known as the Foster Tester leases. The leases were valued in the millions of dollars. Appellant’s App. at 24. Phelps advanced substantial gums of money to Paragon and executed personal guarantees to secure payments of other loans to Paragon. These loans went toward the purchase of the Foster Tester leases.
 
 Id.
 
 at 26.
 

 In March 1983, Paragon assigned the leases to Dabon, Inc., for $1.00. In April 1984, Dabon assigned the leases to Cher-Oil for $1.00. Paragon and Dabon became insolvent as a result of these assignments.
 
 Id.
 
 at 25.
 

 Fina began purchasing hydrocarbons under the leases from Cher-Oil in April 1984,
 
 id.
 
 at 52, and continued to do so until at least October 14, 1988.
 

 As a result of these transactions, three actions, described more fully below, were commenced in the United States District Court for the Western District of Oklahoma.
 

 In case No. CIV 85-2626-R, Phelps’ loans had not been repaid at the time of the assignments to Dabon and Cher-Oil.
 
 Id.
 
 at 26. On October 25, 1985, Phelps commenced an action,
 
 Phelps v. Paragon Energy, Ltd.
 
 (case No. CIV 85-2626-R), to have the assignments set aside as fraudulent. Fina was named as a defendant. Phelps filed a notice of lis pendens on December 30, 1985. Appellant’s App. at 33.
 

 In an October 14,1988, order, the district court determined that Phelps was a creditor of Paragon at the time of both assignments,
 
 id.
 
 at 26, that the assignments of the leases were not for fair consideration,
 
 id.
 
 at 28-29, and that Paragon became insolvent as a result of the conveyances,
 
 id.
 
 at 28. The court concluded that the assignments were fraudulent as to Paragon’s creditors, including Phelps, and must be set aside.
 
 Id.
 
 at 29. The court relied on
 
 United States v. Chapman,
 
 756 F.2d 1237, 1240 (5th Cir.1985), for the proposition that when a conveyance is found to be fraudulent, legal as well as equitable title remains in the debtor for purposes of satisfying debts. Appellant’s App. at 29.
 

 In case No. CIV 89-1823-R, Phelps was the sole shareholder of Paragon by virtue of the final judgment in case No. CIV' 85-2626-R.
 
 Id.
 
 at 23. Paragon then, with Phelps as sole shareholder, commenced an action against Fina to establish Paragon’s ownership rights to the hydrocarbons purchased by Fina.
 
 Paragon Energy, Ltd. v. Fina Oil & Chem. Co.
 
 (case No. CIV 89-1823-R).
 

 The court rejected Paragon’s claims, citing the rule that, as between parties to a fraudulent conveyance, a party who fraudulently conveys property cannot thereafter assert any right, title, or interest in the property.
 
 Driskill v. Forbes,
 
 566 S.W.2d 90, 91 (Tex.Civ.App.1978) (citing
 
 Letcher v. Letcher,
 
 421 S.W.2d 162, 169 (Tex.Civ.App.1967)). The court reasoned that because Paragon had fraudulently assigned the leases, Paragon could not assert any right, title, or interest in the property against Fina. Appellant’s App. at 71.
 

 In case No. CIV 90-1092-R, Phelps (in his own name) attempted to execute his judgment against Paragon’s assets.
 
 Id.
 
 at 30. The writ of execution was returned nulla bona.
 
 Id.
 
 at 32. Phelps then commenced the present creditor’s bill action against Fina.
 
 Phelps v. Fina Oil & Chem.
 
 
 *356
 

 Co.
 
 (case No. CIV 90-1092-R). His complaint alleged that
 

 Because the court [in case No. CIV 85-2626-R] determined that the assignments of the Foster Tester Leases were fraudulent and must be set aside insofar as necessary to satisfy Paragon’s debt to Phelps, Fina acquired no interest in the hydrocarbons purchased from October 25, 1985, until October 14, 1988....
 

 These hydrocarbons or their proceeds are property owed by Paragon to Phelps.
 

 Appellant’s App. at 2-3. Phelps further alleged that, due to the filing of the lis pendens, Fina took its interest in the property subject to Phelps’ rights as determined by the court in case No. CIV 85-2626-R.
 
 Id.
 
 at 2.
 

 Phelps and Fina filed cross motions for summary judgment. The district court applied the rule that “[i]n order to recover from Fina, Phelps must show that he is a judgment creditor of Paragon, and that Paragon has some claim against Fina.” Concluding that Phelps failed to offer any evidence that Paragon had a claim against Fina, the district court granted Fina’s motion and denied Phelps’ motion.
 

 In reviewing a summary judgment order, we apply the same standard as that employed by the trial court under Fed. R.Civ.P. 56(c).
 
 Osgood v. State Farm Mut. Auto. Ins. Co.,
 
 848 F.2d 141, 143 (10th Cir.1988). We must examine the record to determine if any genuine issue of material fact was in dispute; if not, we must decide if the substantive law was correctly applied.
 
 Id.
 
 We examine the record in the light most favorable to the party opposing the motion.
 
 Id.
 
 Because neither party disputes the facts, we proceed to resolve whether the substantive law was correctly applied.
 

 Fina contends the rule in Oklahoma
 
 [1]
 
 is that a judgment creditor may bring a creditor’s bill action against assets transferred by a judgment debtor only where the judgment debtor has an actionable claim against the transferee.
 
 Roxoline Petroleum Co. v. Wilson,
 
 123 Okl. 241, 253 P. 59, 62 (1926). Fina further contends that because the court concluded in case No. CIV 89-1823-R that Paragon has no claim against Fina for ownership or possession of the property, Phelps cannot maintain this creditor’s bill action against Fina.
 

 We would agree with Fina if
 
 Roxoline
 
 were the only authority in Oklahoma governing creditor’s bill actions. Another line of Oklahoma cases indicates, however, that an action in the nature of a creditor’s bill can be used to reach fraudulently conveyed property to satisfy a judgment or debt. For example, in
 
 Rucks-Brandt Construction Corp. v. Silver,
 
 194 Okl. 324, 151 P.2d 399, 400 (1944), plaintiff Silver obtained a worker’s compensation award against Rucks-Brandt Construction Company. Before the company paid the award, its officers formed Rucks-Brandt Construction Corporation and transferred all of its property to the new corporation.
 
 Id.
 
 151 P.2d at 400-01. Silver brought an action in the nature of a creditor’s bill against the company and the corporation.
 
 Id.
 
 at 400. His petition alleged
 
 inter alia
 
 that the formation of the corporation was done to further a fraudulent scheme to defeat payment of the worker’s compensation award.
 
 Id.
 
 at 401.
 

 The Oklahoma Supreme Court concluded that the debtor company fraudulently transferred its property to the corporation.
 
 Id.
 
 at 402. It noted that “a petition alleging a valid judgment and fraudulent transfer of property by the judgment debtor was a creditor’s bill and ancillary.”
 
 Id.
 
 The court modified and affirmed the judgment in favor of the creditor.
 
 Id.
 
 at 403-04.
 

 While the decision in
 
 Rucks-Brandt Construction Corp.
 
 turned on issues not relevant to the present case, it is instructive because it characterized the action as a creditor’s bill even though one of the defendants to the action had received property through fraudulent conveyance from the judgment debtor. For other Oklahoma decisions characterizing similar actions as creditor’s bills,
 
 see Miller v. Melone,
 
 11 Okl. 241, 67 P. 479, 482 (1901);
 
 White v.
 
 
 *357
 

 Exchange Nat’l Bank of Ardmore,
 
 172 Okl. 331, 44 P.2d 935, 936 (1935) (per curiam).
 
 See also In re Bartlett Oil & Gas Corp.,
 
 44 F.2d 616, 619 (N.D.Okla.1930).
 

 Roxoline
 
 is distinguishable because it did not involve a fraudulent conveyance between the judgment debtor and the defendant to the creditor’s bill action. If the
 
 Roxoline
 
 rule applied in all creditor’s bill actions, the judgment creditors in the above cases could not have brought a creditor’s bill action to reach property fraudulently conveyed by their debtors because the debtors, as parties to fraudulent conveyances, would not have had an actionable claim against their transferees for return of the property.
 
 Phoenix Ins. Co. v. First Nat’l Bank,
 
 129 Okl. 204, 264 P. 142, 144 (1928).
 
 [2]
 
 We therefore conclude that in a creditor’s bill action against a transferee to a fraudulent conveyance, a judgment creditor need not show that the judgment debtor has an actionable claim against the transferee.
 

 We agree with the district court that Phelps’ filing of a lis pendens in Texas does not make Fina liable to Phelps for money damages. However, the lis pendens causes Fina to be bound by the judgment in case No. CIV 85-2626-R.
 
 Black v. Burd,
 
 255 S.W.2d 553, 555 (Tex.Civ.App.1953).
 

 Phelps was not required to prove that Paragon had a claim against Fina to maintain a creditor’s bill action. We therefore reverse the grant of summary judgment in light of the above Oklahoma cases.
 

 The judgment of the United States District Court for the Western District of Oklahoma is REVERSED, and the case is REMANDED for further proceedings.
 

 [1]
 

 . Both parties rely on Oklahoma law concerning creditor's bill actions.
 

 [2]
 

 . The term "creditor’s bill” is used broadly to refer to various types of creditor actions including enforcing "payment of a debt out of property or interests of [the] debtor [that] cannot be reached by ordinary legal process” (a
 
 Roxoline-
 
 type action), as well as "setting aside fraudulent conveyances.” 21 AmJur.2d
 
 Creditor's Bills
 
 § 1 (1981). An equity court’s jurisdiction to set aside fraudulent conveyances “is frequently invoked by means of a creditor’s bill or an action in the nature of one.” 37 Am.Jur.2d
 
 Fraudulent Conveyances
 
 § 167 (1968).