993 F.2d 1552
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Johnnie L. PHELPS, Plaintiff-Appellant,
v.
FINA OIL & CHEMICAL COMPANY, Defendant-Appellee.
 Nos. 92-6277, 92-6302.
 United States Court of Appeals, Tenth Circuit.
 May 11, 1993.
 
 ORDER AND JUDGMENT**
 Before MOORE and BRORBY, Circuit Judges, and VAN BEBBER,* District Judge.
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cases are therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff-appellant Johnnie L. Phelps appeals from a judgment in favor of defendant-appellee Fina Oil and Chemical Co.[1] We affirm.
 
 
 3
 The relevant facts are set forth in Phelps v. Fina Oil & Chemical Co., 952 F.2d 354 (10th Cir.1991) (Phelps I ), and will not be repeated. There we recognized two circumstances under which a creditor's bill action, or an action in the nature of a creditor's bill, could be maintained. First, a judgment creditor may bring a creditor's bill action to recover assets transferred by a judgment debtor if the judgment debtor has an actionable claim against the transferee. See 952 F.2d at 356 (citing Roxoline Petroleum Co. v. Wilson, 253 P. 59, 62 (Okla.1926)). Second, a judgment creditor may bring a creditor's bill action against a transferee of a fraudulent conveyance without showing the judgment debtor has an actionable claim against the transferee. Id. at 356-57 (relying on Rucks-Brandt Constr. Corp. v. Silver, 151 P.2d 399 (Okla.1944)). We reversed and remanded for further proceedings.
 
 
 4
 On remand, both parties moved for summary judgment. The district court concluded that plaintiff's claim did not meet the test for the first type of creditor's bill action. It disagreed with plaintiff's interpretation of Phelps I that he could establish a creditor's bill claim only by showing that he is a judgment creditor of Paragon, the judgment debtor, and that defendant holds property or proceeds from which he is entitled to enforce payment of his judgment against Paragon. Finally, it characterized plaintiff's position as "vehemently disavow[ing] any reliance upon the second type of action," Aplt's App. at 44, but concluded that if plaintiff's claim were the second type of action, it was barred by Oklahoma's two-year statute of limitations for fraud, Okla.Stat. tit. 12, § 95. The district court granted defendant's motion for summary judgment.
 
 
 5
 Summary judgment may be granted where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). We review a decision on summary judgment de novo, applying the same standard used by the district court. Applied Genetics Int'l, Inc. v. First Affiliated Secs., Inc., 912 F.2d 1238, 1241 (10th Cir.1990). Both parties agree that the material facts are undisputed; we therefore are presented with questions of law.
 
 
 6
 Our conclusion in Phelps I, 952 F.2d at 356, that plaintiff may not bring the first type of creditor's bill action because Paragon has no actionable claim against defendant, is the law of the case, and we will not reexamine it. See Mason v. Texaco, Inc., 948 F.2d 1546, 1553 (10th Cir.1991), cert. denied, 112 S.Ct. 1941 (1992). Further, we agree with the district court's interpretation of our holding in Phelps I as to the elements of the two types of creditor bill actions. Finally, while plaintiff claims the district court's characterization of his position as "vehemently disavow[ing]" reliance on the second type of action is unsupported by the record, he has not pointed to any portions of the record that contradict the district court's statement or that establish his entitlement to recovery under the second type of action.
 
 
 7
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 *
 Honorable G. Thomas Van Bebber, District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Plaintiff filed a notice of appeal from a July 30, 1992, order, case No. 92-6277, and a notice of appeal from an August 27, 1992, judgment, case No. 92-6302. We consolidated these appeals on October 23, 1992