13 F.3d 407
 73 A.F.T.R.2d 94-760
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff/Counter-Defendant/Appellee,
v.
David J. THOMAS, Defendant/Counter-Claimant/Appellant.
 No. 93-1236.
 United States Court of Appeals, Tenth Circuit.
 Dec. 20, 1993.
 
 Before SEYMOUR, ANDERSON, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 David Thomas appeals from a district court order granting summary judgment to the government on its complaint and ruling against Thomas on his counterclaim. The court's order declared certain liens which Thomas filed against IRS employees null and void, permanently enjoined Thomas from filing such liens in the future, and found no basis for any of the allegations set forth in Thomas' pro se counterclaim. On appeal Thomas asserts his status/citizenship was improperly determined, and the court lacked subject matter jurisdiction. He also contends that the court's summary determination denied him due process. We affirm.
 
 BACKGROUND
 
 3
 In April and May, 1992, unpaid federal income taxes, statutory additions to tax, and interest were assessed by the Internal Revenue Service (IRS) against David Thomas for the years 1986, 1987, and 1988. On September 4, 1992, the IRS levied upon Thomas' wages from NCR Microelectronics. NCR honored the levy, and Thomas' wages were garnished. Between October 22, 1992, and November 30, 1992, Thomas filed three liens with the Larimer County Clerk and Recorder which purported to encumber the real and personal property of the IRS agents and employees who had been involved in collecting Thomas' unpaid federal tax liabilities.
 
 
 4
 On January 5, 1993, the government filed a complaint in the United States District Court seeking an injunction against Thomas and a declaration that the liens were null and void. Thomas filed a pro se answer/counterclaim, claiming he is not a resident or citizen of the United States (his birth in Indiana and residency in Colorado notwithstanding), and the corporation which employed him is not subject to the sovereignty of the United States, since it was incorporated under the laws of the State of Maryland. In addition, he asserted numerous IRS irregularities which he has abandoned on appeal.
 
 
 5
 On February 9, 1993, the court granted the government's motion for preliminary injunction. On April 20, 1993, the court issued a Memorandum Opinion and Order in response to cross motions for summary judgment on the government's complaint and to the government's motion for dismissal or for summary judgment on Thomas' counterclaim. The Order granted the government's motion for summary judgment on its complaint, declaring the liens filed by Thomas to be null and void and of no legal effect, and granted permanent injunctive relief. The Order also found the arguments raised by Thomas' counterclaim were "unpersuasive, illogical, and without legal or historical foundation," and, without specifying the alternative upon which it relied, granted the government's motion to dismiss, or in the alternative for summary judgment. The court denied all motions filed by Thomas, but declined to impose sanctions as requested by the government. The government renews its request for sanctions in its reply to Thomas' appeal.
 
 DISCUSSION
 
 6
 We review a summary judgment decision de novo, examining the record in the light most favorable to the party opposing the motion. Phelps v. Fina Oil and Chemical Co., 952 F.2d 354, 356 (10th Cir.1991). First, we determine if any genuine issue of material fact was in dispute; if not, we decide if the substantive law was correctly applied. Id.
 
 
 7
 A. The Complaint. As Thomas does not challenge the district court's order granting summary judgment on the government's complaint for declaratory and injunctive relief, we need not restate the well-established law in support of the government's primary action and the court's order.
 
 
 8
 B. Summary Judgment or Dismissal of Thomas' Counterclaim. On appeal, Thomas characterizes his counterclaim as a "quiet title and refund action,"[2] and for a declaratory judgment regarding his status.
 
 
 9
 Thomas styled his case as a quiet title action, thereby invoking the court's jurisdiction under 28 U.S.C. 2410. In fact, his counterclaim is actually a suit to prevent the collection of taxes by challenging the underlying assessments, and as such violates the Anti-Injunction Act, 26 U.S.C. 7421(a), and is barred by the doctrine of sovereign immunity. Lonsdale v. United States, 919 F.2d 1440, 1442-43 (10th Cir.1990). In such cases, the transparent mischaracterization does not invoke the court's jurisdiction. Guthrie v. Sawyer, 970 F.2d 733, 735 (10th Cir.1992). Thus, the court did not err in dismissing the counterclaim.
 
 
 10
 Thomas' request for a declaratory judgment on his status is likewise barred by the Declaratory Judgment Act, 28 U.S.C. 2201, which generally excludes controversies respecting Federal taxes, except in specified cases and, then, only in specified courts. Even if jurisdiction were not lacking, Thomas' argument that he is not a "citizen"[3] subject to tax is merely another ploy for the patently frivolous argument cited in Lonsdale that "individuals ('free born, white, preamble, sovereign, natural, individual, common law "de jure" citizens of a state, etc.') are not 'persons' subject to taxation under the Internal Revenue Code." Lonsdale, 919 F.2d at 1448. The district court did not err in dismissing Thomas' counterclaim, and did not deprive him of due process in ruling summarily on his patently frivolous claims.
 
 
 11
 Finally, Thomas' argument that the court lacked subject matter jurisdiction is unclear in his brief. We have already noted that Thomas' claims did not properly invoke the court's jurisdiction. However, the lack of jurisdiction as to Thomas' claims does not impact the court's proper exercise of jurisdiction over the government's case in chief under 26 U.S.C. 7402 and 28 U.S.C. 1340 and 1345.
 
 SANCTIONS
 
 12
 The district court was explicit in its Order. Thomas had the benefit of the court's specific cite to Lonsdale and to United States v. Dawes, 874 F.2d 746 (10th Cir.1989). Nonetheless, he has continued to press his frivolous arguments in an appeal that has no merit and wastes the time and resources of the Court. Sanctions in the sum of $1,000.00 are hereby imposed, to be awarded in lieu of costs and attorneys' fees.
 
 CONCLUSION
 
 13
 We have considered the arguments which Thomas has raised on appeal. For the reasons stated above, the judgment of the district court dismissing his counterclaim is AFFIRMED, and sanctions are imposed.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 Contrary to this statement, the counterclaim contains no claim for refund
 
 
 [3]
 Born in Indiana and residing in Colorado, Thomas apparently bases his noncitizenship on a "Declaration of Nationality," an "Execute and Attest to Allegiance," and a "Revocation of Power of Attorney" which he filed with the Larimer County Recorder on June 19, 1992. R. Tab 33, Exs. 21-23. Among other things, these documents assert Thomas' status as a "Natural-Begotten Sovereign White Male," and "De Jure 'Man.' " Thomas complains that his argument regarding his status was "simply jeered and ridiculed and subsequently ignored," and that by failing to make the government prove its case with contrary evidence, the court encourages the government to "invent arguments." Appellant's Reply Br. at 15. Our rulings in numerous cases can leave no doubt that it is Thomas' argument that is "invented," having no basis in law, logic, history, or fact. Summary disposition is the proper means to dispose of such frivolous claims